## McGILL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
January 2, 1926.)

No. 4563.

I. Indictment and information ⬤⟹171—Variance between allegation of prior offense and proof thereof in prosecution for third offense held not a fatal variance (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

In prosecution for third violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), indictment charging a prior offense on particular day, cause numbered 4468, and proof that such case was numbered 4462, *held* not at such variance as to render erroneous entry of judgment on verdict.

2. Indictment and information ⬤⟹202(I)—Irregularity consisting of variance between allegation and proof as to prior offense held cured by verdict (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Where prior offense against National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) was alleged as cause No. 4468,

and proof showed that it was cause No. 4462, *held*, irregularity was cured by verdict.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Charles McGill was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Horace E. Wilson, of San Antonio, Tex., and Mark McMahon, of Fort Worth, Tex. (Will A. Morriss, of San Antonio, Tex., on the brief), for plaintiff in error.

John D. Hartman, U. S. Atty., of El Paso, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. [1] In this case plaintiff in error was convicted of offenses denounced by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment was in two counts. The first count charged unlawful possession of intoxicating liquor for beverage purposes in the city of San Antonio, Tex., as a third offense. The previous first offense was alleged to have been committed on the 28th day of November, 1922, in cause No. 3838, and the second offense on the 27th day of July, 1923, in cause No. 4468, both in the District Court for the Western District of Texas. At the trial the district attorney offered the record of a previous conviction for an offense of possession committed on the 27th day of July, 1923, the same as alleged in the indictment, but it appeared that there was a variation in the number given that case in the indictment; the record offered being No. 4462 instead of 4468. Error is alleged, very artificially, to the entering of the judgment on the verdict on the ground that the variance is fatal.

[2] The evidence to sustain the former conviction of the offense committed on July 27, 1923, was received without objection. It does not appear that the point was raised by demurrer, by motion in arrest of judgment, nor in any other way that might have been effective. The variation is slight and immaterial. There is no question as to the previous conviction for an offense committed on the date named, and the evidence in this record is sufficient to fully identify the offense so that a plea of autrefois convict could be sustained. Furthermore, the irregularity is cured by verdict.

Affirmed.