### DOUGLAS CHILDRESS V. THE STATE.

No. 18571.  Delivered December 9, 1936.
State's Rehearing Denied January 13, 1937.

The opinion states the case.

*M. C. Robinson* and *Warren W. Moore,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of burglary and embraced averments showing that appellant had been twice previously convicted of felonies less than capital. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life.

One of the previous convictions relied upon by the State to enhance the penalty was averred in the indictment to have occurred on the *26th day of November, 1926,* in the Criminal District Court of Travis County, Texas, "in a case numbered on the docket of said court, No. 19,101." (Italics ours). Also, it was averred that said conviction was for the "felony of assault with a prohibited weapon." In support of said averments the State introduced in evidence a copy of an indictment alleging that appellant, on the 11th day of December, 1925, assaulted J. W. Daughdrill with a pistol. Also the State introduced a judgment of conviction showing that the verdict of the jury was returned on *October 21, 1926.* (Italics ours). Sentence was pronounced *November 20, 1926.* (Italics ours). Manifestly, the proof is at variance with the allegation in the indictment that the previous conviction was obtained November 26, 1926. It is the rule that, in alleging the former conviction, the court in which the conviction was obtained, the time of the conviction, and the nature of the offense, must be set forth. Morman v. State, 75 S. W. (2d) 886. The allegations mentioned relate to matters of substance. Morman v. State, supra. It follows

that a variance between the proof and the allegation as to the date of the previous conviction is fatal. Morman v. State, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—That there was a variance in the effort to prove the essential elements of the offense is not regarded as open to question. With the contention of State's counsel that in the light of the record the variance was immaterial we are constrained to dissent. The appellant not only has the right to be advised by averment in the indictment as to the record of the former conviction against him but he also has the right to be guarded against the hazard of the use by the State of the subsequent occasion of a conviction that has theretofore been used to enhance the penalty. Hence, the time of the former conviction is a material matter which must be proved as alleged in the indictment. We think the case of Morman v. State, 75 S. W. (2d) 886, is correctly decided and that it supports the conclusion that the variance mentioned in the original opinion is fatal to the conviction.

The motion for rehearing is overruled.

*Overruled.*