WEAVER GREEN V. STATE.

No. 24280. March 16, 1949.
State's Motion for Rehearing Denied April 27, 1949.

*Smith & Porter,* by *M. Neal Smith,* Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, by *Perry O. Barber,* Assistant Criminal District Attorney, *Longview,* and *Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with drunken driving and with being a second offender, and upon his conviction, he was given one year in the penitentiary.

There are no bills of exception in the record, but complaint is made relative to the correspondence between the allegation and the proof.

It is alleged that on May 20, 1948, appellant committed the second act of drunken driving, and that previous thereto in Cause No. *9097* in the county court of Gregg County, Texas, he had theretofore been convicted of an offense of like character and of the same nature, that is, drunken driving, and that such conviction had become final prior to the time alleged in the present offense.

It is contended that the prior conviction has not been properly shown and identified. We quote from the statement of facts as follows:

"MR. SHEAD: We will admit there was a former conviction, whatever the record shows on that.

"COURT: Can you stipulate?

"MR. WHITEHEAD: Yes, we can stipulate it into the record.

"COURT: Is that agreeable?

"MR. SHEAD: Yes, sir.

"MR. WHITEHEAD: In Cause *9097* in the County Court of Gregg County, Texas, The State of Texas vs. Weaver Green, filed the 4th day of March, 1948, the defendant, Weaver Green, plead guilty to the charge of driving while intoxicated and was found guilty by the court and assessed a fine of seventy five dollars and costs, and that said fine of seventy five dollars and costs was paid and that said conviction became final by the 20th day of May, 1948, —

"COURT: Is that your agreement?

"MR. SHEAD: Yes, sir."

This above matter was also shown by the testimony of the arresting officer, and was also shown by appellant's own testimony which is sufficiently certain to show a prior conviction, but fails to show that such conviction was had in Cause No. *9097*, as alleged in the indictment.

It is necessary that the proof shall correspond with the allegation set forth in the indictment. See 23 Tex. Jur. p. 681, sec. 67, and cases cited.

For a failure in such correspondence, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

According to the statement of facts, which was agreed to by state's counsel, and approved by the trial court as true and correct, the state, to sustain the allegation of the indictment that appellant had been convicted in Cause No. 9097, proved that he had been convicted in Cause No. 9027.

The docket numbers of the causes were descriptive and served to identify them.

The variance between the two numbers is apparent. A conviction in Cause No. 9027 did not prove the conviction in Cause No. 9097, as alleged.

We cannot agree with the state that the two numbers substantially corresponded, or that we should assume that the variance was the result of mistake.

We are bound by the record as certified to us.

The state's motion for rehearing is overruled.

Opinion approved by the Court.