J. C. COLVIN v. STATE.

No. 34,381. May 16, 1962

*Buck C. Miller* and *King C. Haynie,* Houston, on appeal only, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is carrying a pistol as a second offender; the punishment, confinement in jail for a period of 210 days.

Our prior opinions herein are withdrawn, and the following is substituted in lieu therefor.

The information alleged that appellant had theretofore in Cause No. 149*896,* on the 17th day of February, 19*60,* been convicted of an offense of carrying a pistol.

When the State came to prove such allegation, it called the identifying witness, who testified that the prior conviction was in Cause No. 149*986.* The judgment of conviction introduced in evidence shows such conviction to have been on the 17th day of February, 19*61.* Thus, there was a fatal variance between the information and the proof in two respects; i.e., the number of the cause and the date of the conviction.

Recently, in Boulte v. State, 170 Texas Cr. Rep. 453, 341 S.W. 2d 936, we held that a variance as to one digit in the cause number of the prior conviction was not fatal because appellant had stipulated that he was the person convicted in the prior

cause alleged for enhancement. In Boutle, we were careful to say, "Had the judgment and sentence in the prior conviction been introduced in evidence, another question would be presented." That is, had the appellant required the State to make out its case by proof supporting the allegations in the charge, as he did here, then the question of variance would have been properly before us. There was no stipulation in the case at bar, and the following authorities support appellant's contention that the variance is fatal. Corby v. State, 158 Texas Cr. Rep. 207, 254 S.W. 2d 394; Goodale v. State, 177 S.W. 2d 211; Childress v. State, 116 S.W. 2d 396; Childress v. State, 100 S.W. 2d 102; Morman v. State, 75 S.W. 2d 886.

It should be borne in mind that in the case at bar the information charged appellant as a second offender; the court in his charge so instructed the jury; the jury in their verdict found appellant to have been *guilty as a second offender* and, in his *judgment,* the court so found him to be. Thus, we have a charge, a verdict, and a judgment not supported by the record because the proof failed to so show him to have been convicted in the prior cause alleged for enhancement.

For the error pointed out, the judgment is reversed and the cause is remanded.