**Henry Burton COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59727.**

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 28, 1981.

**80** 

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Gerald R. Flatten, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder. The punishment, enhanced by two prior felony convictions, is imprisonment for life.

Appellant asserts that: (1) the court erred in enhancing his punishment because the evidence was insufficient to sustain an enhancement allegation in the indictment; (2) there was a fatal variance between an enhancement allegation in the indictment and the evidence adduced to sustain that allegation; and (3) the court erred in excluding a police officer's testimony of the description of the person who shot the deceased which was given to him by the deceased's wife shortly after the shooting.

Appellant's first two grounds of error will be consolidated for review since they both concern the enhancement allegation in the indictment which alleges, in pertinent part:

"Before the commission of the primary offense, on June 17, 1959, in Cause No. *87954*, in the Criminal District Court No. 2, of Harris County, Texas, the Defendant was convicted of the felony of Theft." [Emphasis added.]

At the punishment stage of the trial, the appellant pled not true to this allegation. The State then offered and the court admitted record evidence of a prior conviction for theft on June 17, 1959, in Cause No. *87594*, in the Criminal District Court No. 2 of Harris County. The court charged the jury on the allegations in the indictment and the jury returned a true verdict.

Thus, the indictment alleges, *inter alia*, Cause No. *87954*; the proof, however, refers to Cause No. *87594*; and the jury was charged with reference to Cause No. *87954*. Although no objections were raised at the trial court, appellant now urges that because "the allegata and probata do not mix," the variance is fatal and the allegations are insufficient to support the judgment.

 It is well settled that it is not necessary to allege prior convictions for the purpose of the enhancement of punishment with the same particularity as must be used in charging the original offense. *Coleman v. State*, 577 S.W.2d 486 (Tex.Cr.App.1979); *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978); *Cooper v. State*, 500 S.W.2d 837 (Tex.Cr.App.1973). In alleging a prior conviction for enhancement of punishment the allegations should include the court in which the conviction was obtained, the time of the conviction and the nature of the offense. *Hollins v. State*, supra; *Walker v. State*, 138 Tex.Cr. 230, 135 S.W.2d 498 (1940); *Childress v. State*, 131 Tex.Cr. 487, 100 S.W.2d 102 (1936); *Neece v. State*, 62 Tex.Cr. 387, 137 S.W. 919 (1911). If the sufficiency of these allegations is to be challenged on appeal, the defendant must have made a proper motion to quash the enhancement portion of the indictment at the trial court. *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977); *Prodon v. State*, 555 S.W.2d 451 (Tex.Cr.App.1977); *Arce v. State*, 552 S.W.2d 163 (Tex.Cr.App. 1977).

In the instant case, appellant made no motion to quash the enhancement portion of the indictment; therefore, he waives any contention as to the sufficiency of these allegations. Moreover, the allegations are sufficient. What we must determine is whether the error in the cause numbers renders the proof of the prior conviction at variance with these allegations.

 If the proof fails to correspond with the enhancement allegations the punishment cannot be legally enhanced. *Hollins v. State*, supra. Accordingly, this contention is set forth by appellant in his reliance

on *Green v. State,* 153 Tex.Cr. 273, 219 S.W.2d 687 (1949), and *Colvin v. State,* 357 S.W.2d 390 (Tex.Cr.App.1962). In *Green,* the indictment alleged that in Cause No. 90 *97* in the County Court of Gregg County, the defendant had been convicted of drunken driving when the proof showed the defendant had been convicted of drunken driving in Cause No. 90*27* in the County Court of Gregg County. Although the Court recognized that the proof was sufficiently certain to show a prior conviction, it reversed the case because the proof failed to show that such conviction was had in Cause No. 9097 as alleged in the indictment. On motion for rehearing, Judge Davidson stated:

"The variance between the two numbers is apparent. A conviction in Cause No. 9027 did not prove the conviction in Cause No. 9097, as alleged.

"We cannot agree with the State that the two numbers substantially corresponded, or that we should assume that the variance was the result of mistake."

In *Colvin,* the information alleged that on February 17, 19*60* in Cause No. 149*896,* the defendant had been convicted of an offense of carrying a pistol when the proof showed the defendant had been convicted of an offense of carrying a pistol on February 17, 19*61* in Cause No. 149*986.* In reversing the case, it was said:

"Thus, there was a fatal variance between the information and the proof in two respects; i. e., the number of the cause and the date of the conviction."

These cases appear to be on point and to support appellant's position. We observe, however, the trend in the law regarding allegations of prior convictions has generally been toward a relaxation of the rigid rules of the past. *Rooks v. State,* 576 S.W.2d 615 (Tex.Cr.App.1978). See also *Hollins v. State,* supra; *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978); *Arce v. State,* supra; *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App.1976); *Hernandez v. State,* 530 S.W.2d 563 (Tex.Cr.App.1975). In particular, two of the cases that *Colvin* specifically relied on were expressly overruled in *Rooks*

*v. State,* supra. In one of those two cases, *Corley v. State,* 158 Tex.Cr. 207, 254 S.W.2d 394 (1953), cited in *Colvin,* it was said:

"The evidence introduced in support of the above allegations of the indictment shows that the judgment was rendered and entered and sentence pronounced in said Cause No. 72–AB in Criminal District Court No. 2 of Dallas County, Texas, on the date alleged, and not in the Criminal District Court of Dallas County as alleged.

"The two district courts above named are separate and distinct courts. Arts. 52–1 and 52–8, C.C.P., as amended, Acts 1951, 52nd Leg., p. 663, Vernon's Ann.C. C.P. Arts. 52–1, 52–8.

"consequently there was a variance between the allegations in the indictment and the proof. The variance between the allegations as to the district court in which the appellant was previously convicted and the proof is fatal to a conviction. [Citations omitted]."

See also *Morman v. State,* 127 Tex.Cr. 264, 75 S.W.2d 886 (Tex.Cr.App.1934).

In *Rooks v. State,* supra, the defendant argued that the allegation in the indictment was fundamentally defective because there was no Criminal District Court in Harris County in 1971 as alleged in the indictment and that the proof was at fatal variance with the indictment because it showed the prior conviction was had in the 184th District Court of Harris County. The Court, in expressly overruling *Corley* and *Morman* and relying on *Arce v. State,* supra, and *Bray v. State,* supra, wrote:

"Although *Arce* was an indictment case and *Bray* was a variance case, read in tandem they show *Corley* is no longer viable. If alleging the *wrong* court but the right county and cause number produces no variance in a single district county, as *Bray* held, and if alleging *no* court but only cause number and county is sufficient in a multi-district county, as *Arce* held, then surely allegations of a wrong court in a multi-district county can neither be fatal nor produce a fatal variance ...."

It seems logical, therefore, that alleging the wrong cause number but the right court, county, date, and offense produces no fatal variance.

Also illustrative of the relaxation of the rigid rules of the past is *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976). There the indictment alleged a prior Arizona conviction for enhancement of punishment, but in alleging the style of the case, the indictment stated the prior conviction was styled "The State of Texas vs. Delbert Lorraine Plessinger, Jr." The State's proof showed the style was "The State of Arizona vs. Delbert Lorraine Plessinger, Jr." In addressing this variance, it was said:

"While the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice. See *Burton v. State*, 493 S.W.2d 837 (Tex.Cr.App. 1973); *Loud v. State*, 499 S.W.2d 295 (Tex.Cr.App.1973).

"The object of the doctrine of variance between allegations of an indictment is to avoid surprise, *Worsham v. State* [56 Tex.Cr. 253], 120 S.W. 439 (1909), and for such variance to be material it must be such as to mislead the party to his prejudice. *Castro v. State* [124 Tex.Cr. 13], 60 S.W.2d 211 (1933); *Thurmon v. State* [145 Tex.Cr. 279], 167 S.W.2d 528 (1942)."

Reference in *Plessinger* was· also made to *McGill v. United States*, 10 .F.2d 972 (5th Cir. 1926), wherein the Court of Appeals held that a variance in the cause numbers between the allegation of the prior offense and the proof thereof was not a fatal variance. There, the indictment alleged Cause No. 4468 and the proof showed the Cause No. was 4462. This was the only variance.

■ In the instant case, there is a variance only in the cause numbers. Despite appellant's general contention that the variance misled him and prejudiced the preparation of his defense, we are unable to say that he has shown such surprise or prejudice as to make it a fatal variance. The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State. *Cole-*

*man v. State*, supra; *Bevins v. State*, 422 S.W.2d 180 (Tex.Cr.App.1967). The instant indictment described the prior conviction as a felony, the exact nature of the offense was given (theft), the date of such conviction was set forth (June 17, 1959), and the court wherein the alleged conviction occurred was specifically named (Criminal District Court No. 2 of Harris County, Texas.) When all the other proof supports the allegations which are otherwise sufficient, a transpositional error in the cause numbers would not prevent a defendant from finding the record of the prior conviction and presenting a defense. See *Thomas v. State*, 496 S.W.2d 578 (Tex.Cr.App.1973); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970). We conclude the variance is not fatal. The first two grounds of error are overruled.

Also, to the extent that *Colvin, Green,* and other cases are in conflict with our holding today, they are overruled.

Appellant next asserts the court erred in excluding Officer Collier's testimony of the description of the killer which was made by deceased's wife in a written statement shortly after the shooting of her husband. Although deceased's wife had witnessed the shooting, she was never called by the State in its case-in-chief. She was, however, called by appellant and though unable to positively identify the killer, she testified to this physical description of him: a white male of average height, reasonably skinny, mustached, and wearing a cowboy hat. The State made no attempt to impeach her testimony.

The appellant then called Collier and attempted to elicit from him the description of the killer which was made by deceased's wife in a written statement subsequent to the shooting. Out of the presence of the jury, he testified:

"She [deceased's wife] said that the man who shot her husband was about five feet nine, six feet tall, was slender built, wearing a shirt—blue long-sleeved shirt and jeans; they were faded. He was wearing a straw cowboy hat and he had a mustache."

The State's objection to the admission of this testimony was sustained on the grounds that it was hearsay and an attempt to bolster the unimpeached testimony of deceased's wife.

The appellant on appeal urges that the officer's testimony was either res gestae or if not res gestae it was not hearsay testimony and the court erred in failing to admit the officer's testimony before the jury.

The testimony of the officer would have either impeached the deceased's wife's testimony or it would have bolstered her testimony. The appellant, having called the deceased's wife as a witness, could not impeach her unless she testified to facts injurious to the appellant's case and the appellant demonstrated that he was surprised by such testimony. See *Lewis v. State*, 593 S.W.2d 704 (Tex.Cr.App.1980); *Hunnicutt v. State*, 523 S.W.2d 244 (Tex.Cr. App.1975); *Brown v. State*, 523 S.W.2d 238 (Tex.Cr.App.1975). Art. 38.28, V.A.C.C.P. Appellant never demonstrated he was surprised by her testimony. See *Lewis v. State*, supra. Also, we cannot say that the deceased's wife testified to facts injurious to the appellant's case. See *Brown v. State*, supra; *Wood v. State*, 511 S.W.2d 37 (Tex. Cr.App.1974). Furthermore the State did not impeach the deceased's wife's testimony concerning the description of the killer; therefore, the appellant could not bolster her testimony by a prior statement made by her to the officer. See *Adams v. State*, 514 S.W.2d 262 (Tex.Cr.App.1974); *Jackson v. State*, 507 S.W.2d 231 (Tex.Cr.App.1974); *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App. 1965). This ground of error is overruled.

The judgment is affirmed.

CLINTON, Judge, concurring.

I should think an enhancement paragraph is functionally more multi-purposed than merely providing the accused with notice of the prior conviction relied upon by the State. But here the Court states, quite correctly, that the allegations of the enhancement paragraph are sufficient to accomplish that purpose of notice. So, appellant was on notice that when it came to that point in the trial where proof of the allegations were to be made, the State would undertake to prove a prior conviction in Cause No. 87954—just as it had alleged. Yet, the State offered record evidence of a conviction in another cause number. Still, appellant did not object that the proffered material was inadmissible under the pleadings made by the State, and did not tend to support them.

Rather than relax rules of established law and overrule prior cases in order to accommodate what the Court perceives as "a transpositional error" made by someone in the prosecutorial apparatus, I would simply hold the failure to object waived any claim of variance in the cause numbers.[1] Had the proper objection been made, surely the readily observable facial discrepancy could and would have been promptly resolved, and the matter then and there put to rest in the trial court.

Accordingly, I concur in the affirmance.

---

1. Certainly, I would not turn the function of notice on its head and say, as the Court now does, that the error "would not prevent a defendant from finding the record of the prior conviction and presenting a defense." That function relates to allegations in the indictment rather than tendered evidence of conviction as to which there was no notice given.