John Robert BLACK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 07–96–0095–CR through
07–96–0099–CR.

Court of Appeals of Texas,
Amarillo.

Jan. 24, 1997.

Milner, Lobel, Goranson, Sorrels, Udashen & Wells, George R. Milner, III, Dallas, for appellant.

John Mann, District Attorney, Tracey L. Jennings, Assistant District Attorney, Pampa, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

REAVIS, Justice.

Charged in five indictments with indecency with five separate children-complainants [1] appellant John Robert Black pleaded, and the trial court found him, guilty in a consolidated hearing of cause numbers 3652 (our number 07–96–0095–CR), 3653 (our number 07–96–0096–CR), 3654 (our number 07–96–0097–CR), 3655 (our number 07–96–0098–CR), and 3656 (our number 07–96–0099–CR). After hearing evidence, the trial court assessed his punishment at 15 years and 6 months confinement for each offense. Contending the trial court erred in considering evidence of extraneous offenses which were not proven beyond a reasonable doubt in violation of article 37.07 of the Texas Code of Criminal Procedure [2] in determining his punishment, appellant seeks a reversal and a new punishment hearing. We affirm.

The events surrounding appellant's offenses are not pertinent to the disposition of this appeal, and therefore will not be detailed. The error asserted is bottomed upon evidence admitted at the punishment hearing and statements made by the trial judge during sentencing.

Appellant was informed before pleading guilty that he was subjecting himself to a range of punishment which included confine-

---

1. The names of the children-complainants were protected by the use of pseudonyms, but appellant admitted knowledge of their true identities.

2. References herein to article 37.07 are to article 37.07 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1997).

ment for not less than 2 nor more than 20 years, and a fine not to exceed $10,000 for each offense. *See* Tex.Penal Code Ann. § 12.33 (Vernon 1994). During the punishment phase of the trial, the State presented testimony from members of four of the victims' families and several members of the community, each of whom believed appellant was a danger to society and that he should be confined away from children for as long as possible.

After the close of the State's presentation of evidence, appellant called Dr. Anthony W. Arden to testify as an expert in the field of sexual offenders concerning appellant's mental state. Under the direct examination of appellant's counsel, Dr. Arden testified about his Restitution Coalition, a program of therapy which brings the sexual offender and victim together in treatment, and stated that appellant and one of the victims were currently undergoing therapy in his program. Doctor Arden determined appellant to be "more of a classic pedophile than many of the people in [his] program." When asked for further explanation, Dr. Arden testified that the history provided to him by appellant included a history of assaults against "multiple victims."

During cross-examination by the State, Dr. Arden referred to his file on appellant's mental condition, and although the file was not introduced into evidence, he specifically testified concerning psychological tests given appellant and the history provided to him by appellant which were contained in the file. The following exchange between Dr. Arden and the prosecutor took place:

Q. In the history that you received from Mr. Black, did he indicate to you that this involvement with young children or with children, male children, had gone on over a certain period of time?

A. Yes.

Q. In his lifetime?

A. Yes.

Q. Over approximately how many years had this been his practice?

A. Over 50 years.

Q. Involving—

A. Well, I'd better be careful of that. His involvement—if we define that—

Q. His molestation of boys.[3]

A. Then it would be less. Probably, uh, I'm going to roughly guess 45 years.

Q. Okay. And involving approximately how many victims?

A. Approximately—my best guess would be between 24 and 27.

No objection was lodged against this testimony.

Following the testimony of Dr. Arden, on direct examination, appellant acknowledged that he had heard the testimony of "the folks who have testified here today," and had listened to "it as it's come out of that witness stand haven't you." The following exchange between appellant and his counsel took place:

Q. You don't deny that you have caused the damage that was described in the courtroom earlier do you?

A. No, sir, I don't. **I did it.**

(Emphasis added).

■ Although appellant had the opportunity to contradict the testimony of Dr. Arden, his own witness, he did not allege any surprise and, therefore, he could not impeach his own witness. *Cole v. State,* 611 S.W.2d 79, 83 (Tex.Cr.App.1981).

■ Article 37.07 provides that any matter may be offered during the punishment phase of a trial if the court deems it relevant to sentencing. Specifically, section 3 of article 37.07 provides in pertinent part:

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior crimi-

---

**3.** We note that appellant now objects to the lack of a definition of "molestation" during the exchange. Aside from failing to preserve this error for our review, we note that the context of the questioning makes clear that the molestation was associated with appellant's pedophilic tendencies toward multiple victims, for which appellant opened the door. Moreover, the trial judge's statements during sentencing, to which no objection was voiced, evince that he understood the testimony to concern victims who were "assaulted sexually" by appellant.

nal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Appellant concedes that Dr. Arden's testimony was admissible under article 37.07, but, he contends, the extraneous acts were not proven beyond a reasonable doubt, and thus the trial court should not have relied upon them in determining his punishment.

In so contending, appellant relies upon the Court of Criminal Appeals' conclusion that in matters relating to article 37.07, while the trial court is the authority on the threshold issue of admissibility of relevant evidence during the punishment phase of a trial, the jury is the exclusive judge of the facts to determine whether or not the burden of proof for those offenses presented has been satisfied. *Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Cr.App.1996). However, this holding is unavailing in this instance since the punishment hearing was presented to the bench rather than a jury, thus, the trial court was the trier of fact to determine whether or not the State met its burden in presenting the evidence of extraneous acts.

During sentencing, the trial court stated

This case would be much easier for the court to decide if we were dealing with one case of assault, or if we were dealing with two cases of assault, or if indeed we were dealing with only five cases of assault, and that's those represented by the files that I have before me today. But, from the evidence in this case there is no question the evidence presented by and on behalf of the defendant in statements made by the defendant that we are dealing with, and under the law as it now exists, the trier of the facts and the determiner of the punish-

ment appropriate to the crime is entitled to consider other crimes and bad acts that are in the background of the defendant in arriving at the appropriate punishment in the cases that are at hand, no less than 24—not more than 27 is the conclusion I reached, boys that have been assaulted sexually by the defendant in this case.

It is clear from the trial judge's statements that he was proceeding under article 37.07 in determining that the extraneous bad acts had been shown beyond a reasonable doubt by evidence to have been committed by appellant, or for which he could be held criminally responsible. No objection was lodged to the trial judge's statements.

As noted previously, appellant acquiesces that evidence of his extraneous bad acts was admissible. However, he contends it was error for the trial court to rely on the unimpeached evidence of his own witness in assessing punishment. Yet, appellant did not attempt to impeach his own witness and did not request a limiting instruction regarding the evidence, as was his burden, *Plante v. State,* 692 S.W.2d 487, 493 (Tex.Cr.App.1985), nor did he pose any objection to its admissibility in order to preserve his appellate complaint. *Robbins v. State,* 856 S.W.2d 249, 253 (Tex.App.—Beaumont 1993, no pet'n). Consequently, the evidence could properly be considered for all purposes. *Hefner v. State,* 735 S.W.2d 608, 619 (Tex.App.—Dallas 1987, pet'n ref'd).

■ Resultantly, no error has been presented for our review. *Robbins v. State,* 856 S.W.2d at 253. Even if appellant had preserved the error for our review, he has failed to evince harm since he was admonished that he could receive up to 20 years confinement and a $10,000 fine for each of the five offenses with which he was charged, yet, the trial court assessed punishment at confinement for a period of only 15 years and 6 months. Tex.R.App.P. 81(b).[4]

Accordingly, each judgment is affirmed.

---

4.  We are not persuaded by appellant's argument

that the trial court in effect imposed a "life"

sentence since appellant was 66 years old at the time of trial and the imposition of 15 years and 6 months confinement (concurrent sentences) would encompass the remainder of his life.