02-11-269-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00269-CR

 

 


 
 
 Fredrick Steinberger, III
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 97th
District Court OF Archer COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Introduction

          Appellant
Fredrick Steinberger, III, appeals his conviction and sentence for a drug
offense after the trial court adjudicated his guilt and revoked his
deferred-adjudication community supervision.  In a single issue, Appellant
claims there is a fundamental variance between his name as alleged in the
State’s motion to adjudicate and the proof offered at the hearing on the
State’s motion.  We affirm.

Background
Facts and Procedural History

          An
indictment returned to the 97th District Court by an Archer County grand jury on
September 2, 2008, in cause number 2008-0000029A-CR, charged “Frederick
Steinberger, III” with possession of less than a gram of methamphetamine.  Later
that month, on the 29th, Fredrick Steinberger, III, the defendant in that case,
pled guilty and the trial court ordered him to pay a fine and placed him on two
years’ deferred-adjudication community supervision.  A Guilty Plea Memorandum,
containing admonishments and waivers refers to the defendant as “Fredrick
Steinberger, III” and is signed in numerous places on lines beneath which
appear the word “DEFENDANT” by “Fredrick D. Steinberger, III.”  The trial
court’s Order of Deferred Adjudication-Community Supervision and its Order
Imposing Conditions of Community Supervision both refer to “Fredrick
Steinberger, III” as defendant and are both signed by “Fredrick D. Steinberger
III.”

          On
March 23, 2010, the State moved to adjudicate and impose sentence, alleging that
“Fredrick David Steinberger” had committed three new offenses.  On June 6,
2011, at a hearing on its motion, Appellant pled not true, the State abandoned
two allegations and presented evidence showing that during the term of his community
supervision Appellant had assaulted a public servant.  The trial court granted the
State’s motion, adjudicated Appellant guilty, and sentenced him to two years’
confinement in state jail.

          The
trial court’s order adjudicating guilt and imposing state jail confinement
refers to “Fredrick Steinberger, III” as the defendant.  The trial court’s certification
of defendant’s right of appeal dated June 3, 2011, refers to “Fredrick
Steinberger, III, Defendant” and above the line labeled “Defendant” is signed
“David Steinberger.”  Another trial court certification of defendant’s right of
appeal, this one dated July 25, 2011, refers to “Fredrick David Steinberger,
Defendant” and above the line labeled “Defendant” is signed “Fredrick David
Steinberger III.”

Discussion

          Appellant
contends that the State’s proof of his name at the hearing on its motion to
adjudicate created a fatal variance from the allegation in its motion, which
alleged his name as “Fredrick David Steinberger.”

          The
record shows that the trial court opened the hearing as follows:[2]

          THE COURT: 
All right.  Call Cause No. 2008-29A-CR, The State of Texas versus Fredrick
David Steinberger set today on the State’s Motion to Proceed with Adjudication
of Guilt.  Is the State ready?

 

                   MR.
McGAUGHEY:  The State’s ready, Your Honor.

                   THE
COURT:  Is the defendant ready?

                   MR.
BARBER [for the Defense]:  Ready, Your Honor.

                   THE
COURT:  And you’re Fredrick David Steinberger?

                   THE
DEFENDANT:  Yes, sir.

The
State’s attorney first called probation officer Robert Geurin and asked if he
knew “Fredrick Steinberger III, also known as Fredrick David Steinberger.”  Guerin
testified that he knew him as “Mr. Steinberger, yes, Fredrick Steinberger,” and
that he had supervised him while he was on probation.  Guerin then pointed out
the person he had supervised as the “gentleman sitting at the table there—next
to your left.”  He also testified that the individual he had identified in open
court as the person he had supervised was the same person placed on probation
in Cause number 2008–0000029A–CR.

Archer
County Sheriff Staci Beesinger testified that she had a good rapport with
Appellant—whom she referred to as “David” and “Davy”—having dealt with him
several times in the past.  She also testified as follows:

          Q.  Are you
familiar with a person named Fredrick David Steinberger?

 

          A.
 Yes.

          Q. 
Also known as Fredrick Steinberger, III?

          A. 
Yes.

          Q. 
Is that person present in court today?

          A. 
Yes.

          Q. 
Would you point him out for the Judge?

          A. 
David.

          Q.  You’ve
pointed to the person immediately to the right of Mr. Payne the defense
counsel; is that correct?

 

                   A. 
Yes, sir.

          MR.
McGAUGHEY:  Your Honor, I would ask the record reflect the identification of
the defendant or respondent by this witness.

                    THE
COURT:  It will.

The
State’s next witness, Archer County Constable Clayton Brett Hoff testified as
follows:

          Q. . . .  Are
you acquainted with a person named Fredrick David Steinberger sometimes
referred to as Fredrick Steinberger, III?

 

          A. 
Yes, I am.

          Q. 
Is that person present in court today?

          A. 
Yes.  He’s sitting right here in overalls.

          Q.  You’ve
pointed to the person immediately to the right of Mr. Payne the defense
counsel; is that correct?

 

          A. 
Yes.

          MR.
McGAUGHEY:  Your Honor, I would request the record reflect the identification
of the respondent by the witness.

 

          THE
COURT:  It will.

The
sole defense witness was Archer County District Clerk Judy McLemore.  She
testified that she had resided in that county for sixty-four years and that
before becoming District Clerk she had owned a title company.  She further testified
as follows:

          Q.
. . . .  Are you familiar with Fredrick David Steinberger, III?

          A. 
Yes, sir.

          Q. 
Is he seated to my right?

          A. 
Yes, sir.

          Q. 
Do you know his father?

          A. 
Yes, sir, I did.

          Q. 
You knew him in his lifetime?

          A. 
Yes.

          Q. 
And what was his name?

          A. 
David.

          Q.  You
called him David, but did you know what his name was?  Do you know what [sic] his
name appeared in title records in this county?

 

          A.  Oh,
gosh.  I’m trying to think.  I don’t honestly remember his whole full name
because I always called him David.

 

          Q.  Do you
recognize the name of Fredrick David Steinberger, Jr., or the II?

 

          A. 
Yes.  I started to say that, but I was afraid I was wrong.




          Q.  Okay. 
Did you know the patriarch of Fredrick David Steinberger, the original, who
would have been the father of junior and grandfather of the third?  Did you
ever know him?

 

          A. 
No, sir.

The
fatal variance doctrine stands for the proposition that a variance between the
indictment and the evidence at trial may be fatal to a conviction because due
process guarantees the defendant notice of the charges against him.  See
Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995).  The doctrine
applies to revocations of community supervision.  Moore v. State, 11
S.W.3d 495, 499–500 (Tex. App.—Houston [14th Dist.] 2000, no pet.); see Taylor
v. State, 592 S.W.2d 614, 615 (Tex. Crim. App. [Panel Op.] 1980).  But not
every variance between the evidence at trial and the indictment is fatal; only
a material variance is fatal.  Moore, 11 S.W.3d at 500; see Stevens,
891 S.W.2d at 650.  A variance between the charging instrument and the proof at
trial is material only if it operated to the defendant’s surprise or prejudiced
his rights.  Moore, 11 S.W.3d at 500; see Stevens, 891 S.W.2d at
650, Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988). 
Likewise, a variance between pleadings and proof at a probation revocation
hearing is material only if it operated to the defendant’s surprise or
prejudiced his rights.  Pierce v. State, 113 S.W.3d 431, 439 (Tex. App.—Texarkana
2003, pet. ref’d.); see Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim.
App. 1977).  The burden to show surprise or prejudice resulting from a variance
rests with the defendant.  Santana v. State, 59 S.W.3d 187, 194
(Tex. Crim. App. 2001); Human, 749 S.W.2d at 837; Cole v. State, 611
S.W.2d 79, 82 (Tex. Crim. App. 1981).

In
this case, when the trial court asked Appellant if he was Fredrick David
Steinberger as alleged in the State’s motion, Appellant said, “Yes, sir.”  Three
other witnesses testified that Appellant was known by that name.  Constable
Hoff testified that the defendant had committed the offense of assault on a
public servant against him and that the defendant was seated in the courtroom at
counsel table with the defense attorney.

          During
closing argument, counsel for Appellant did not argue that Appellant had received
insufficient notice of the allegations against him to prepare an adequate
defense or that he was surprised or otherwise misled; he simply argued that the
State was bound by its pleadings and that it should have pled Appellant’s name
as set out in the order of deferred adjudication.

We
need not decide today whether there was any variance in this case at all
because Appellant has failed to satisfy his burden to show that he was prejudiced
in any way by the variance he claims exists.  See Santana, 59 S.W.3d at
194; Human, 749 S.W.2d at 837; Cole, 611 S.W.2d at 82. 
Accordingly, we overrule Appellant’s sole issue.

Conclusion

          Having
overruled Appellant’s sole issue, we affirm the judgment of the trial court.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 1, 2012









[1]See Tex. R. App. P. 47.4.





[2]The court reporter spelled
Appellant’s first name throughout the reporter’s record as “Frederick.”  Where
Appellant’s brief quotes his name from portions of the reporter’s record in
which it appears, the brief has changed the reporter’s record spelling to
“Fredrick,” which is also how Appellant’s signature appears in documents in the
clerk’s record.  Appellant does not argue that any variance exists due to the
reporter’s record spelling his first name with an additional “e.”  To be
consistent with Appellant’s briefing and signature, therefore, we likewise drop
the second “e” where we quote the reporter’s record in this opinion. 
Appellant’s name quoted from documents in the clerk’s record, on the other
hand, such as the indictment, is spelled as it originally appears in those
documents.