

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00010-CR

WANDA JEAN CHANDLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 64,833-E, Honorable Douglas Woodburn, Presiding

August 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Wanda Jean Chandler of possession of a controlled substance, methamphetamine, less than one ounce and she was sentenced to seven years' confinement in prison. Punishment was enhanced from a state jail felony to a felony of the third degree based on a jury finding that the offense occurred in a drug-free zone.[1] Through a single issue, appellant argues because of a material variance

---

[1] Possession of less than one gram of methamphetamine is a state jail felony. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.112(b) (West 2010). An offense

between the indictment and proof the evidence was insufficient to prove the drug-free zone enhancement ground. We will overrule the issue and affirm the judgment of the trial court.

## Background

Pursuant to a warrant, officers searched an Amarillo residence occupied by appellant. In the course of the search, a substance that proved to be methamphetamine was found. Appellant was indicted through an instrument alleging in pertinent part that she committed the possessory offense "within 1000 feet of real property that is owned, rented, or leased by Amarillo Independent School Board."

During its case-in-chief, the State presented unchallenged opinion testimony that Mesa Verde Elementary School is located within 1,000 feet of the residence. The State also called an assistant superintendent of schools for the Amarillo Independent School District. In the course of his very brief testimony the assistant superintendent agreed on direct examination that Mesa Verde Elementary School is an elementary school "in the Amarillo Independent School District." The following exchange then occurred:

Q. Now, the land that that school sits on, does the Amarillo School Board own, lease or rent that land in order to have the school on it?

A. The district owns the land that the school sits on.

_____

otherwise punishable as a state jail felony under § 481.112(b), committed in a drug-free zone, is a felony of the third degree. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.134(d)(1) (West 2014) (grade of offense increased on showing offense was committed "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board . . .").

On cross-examination, the assistant superintendent produced a deed.  After appellant's counsel examined the instrument the following occurred:

> Q. Okay. It appears that the title record owner of the property is the Board--
> is the Trustees of the Amarillo Independent School District.  Is that correct?
>
> A. Yes.

The deed was not admitted into evidence.

At the charge conference, counsel for appellant raised the following objection to a proposed drug-free zone special issue:

> I do not believe there's sufficient evidence that—that—well, lets put it this way: As—as it needs to be in the Charge, that the State alleges Amarillo Independent School Board, the finding that it's within 1,000 feet of real property owned, rented or leased by Amarillo Independent School Board. There's insufficient evidence to find that, in that there is no such thing called an Amarillo Independent School Board.  There's a Board of Trustees of the Amarillo Independent School District, or even the Amarillo Independent School District, but there is no such thing as an Amarillo Independent School.  They don't necessarily have to allege the name of the school or school district or anything, but when they do so, they must do it correctly.  And, therefore, we would object on that being submitted, based upon the fact that there is no such thing as the Amarillo Independent School . . . .

The objection was overruled and the charge submitted included the following instruction and special issue:

> Further, if you find the defendant, WANDA JEAN CHANDLER, guilty, and you find from the evidence, beyond a reasonable doubt that the defendant did commit the offense in, on or within one thousand feet of real property that is owned, rented or leased by the Amarillo Independent School Board, then you will answer the special issue "True."  Unless you find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt as to whether this offense was committed in, on or within one thousand feet of real property that is owned, rented or leased by the Amarillo Independent School Board you will answer the special issue "Not True."
>
> We, the jury, find it _____(True or Not True) that the defendant, WANDA JEAN CHANDLER, did commit this offense in, on or within one thousand feet of real property that is owned, rented or leased by the Amarillo Independent School Board.

3

In closing argument, counsel for appellant contended the State alleged the wrong school board as owner of Mesa Verde Elementary School:

> [T]here's not an Amarillo Independent School; there's an Amarillo Independent School District. That's a term of law. I'm not making that up. School districts are political entities; schools are not. A school district is a political entity. And it is—you heard [the assistant superintendent] testify that the property is actually owned by the Board of Trustees of the Amarillo Independent School District.

As noted, the jury found appellant guilty of the charged offense and answered the drug-free zone enhancement special issue "true."

Analysis

Through one issue, appellant asserts the evidence supporting the enhancement paragraph was insufficient because of a material variance between the indictment and the proof adduced at trial. Specifically, she asserts the State failed to prove the "Amarillo Independent School Board" owned, rented, or leased the school property in question.

In assessing the sufficiency of the evidence we view all of the evidence in the light most favorable to the court's judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The essential elements of the crime are those defined by the hypothetically correct jury charge. *Geick v. State,* 349 S.W.3d 542, 545 (Tex.Crim.App. 2011) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). We thus measure the sufficiency of the evidence by the essential elements as

4

defined by the hypothetically correct charge. *Cada v. State,* 334 S.W.3d 766, 773 (Tex. Crim. App. 2011). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik,* 953 S.W.2d at 240. *Malik's* hypothetically correct jury charge requirement likewise applies to any allegation of punishment enhancement, such as a drug-free zone allegation. *Walker v. State,* No. 07-11-00047-CR, 2011 Tex. App. Lexis 8181, at *7 (Tex. App.—Amarillo Oct. 17, 2011, pet refused) (mem. op., not designated for publication) (citing *Young v. State,* 14 S.W.3d 748, 750 (Tex. Crim. App. 2000)).

Appellant raises the question of variance between the indictment allegation of the descriptive term "Amarillo Independent School Board" and the trial proof identifying the party owning, renting, or leasing the school property.[2] A variance occurs if a discrepancy exists between the facts alleged in the charging instrument and the proof offered at trial. *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). "[W]hen faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a 'material' variance will render the evidence insufficient." *Id.* at 257. Allegations giving rise to immaterial variances may be disregarded in the

---

[2] Texas no longer follows the so called "*Burrell* exception" to the surplusage rule. *See Burrell v. State,* 526 S.W.2d 799 (Tex. Crim. App. 1975). According to the *Burrell* exception if the State alleged a necessary person, place, or thing with unnecessary particularity, it was obligated to prove all circumstances of the description. *Gollihar v. State,* 46 S.W.3d 243, 250 (Tex. Crim. App. 2001). *Gollihar* abandoned the *Burrell* exception in favor of a materiality standard. *Id.* at 257.

hypothetically correct jury charge, but allegations giving rise to material variances must be included. *Id.*

We do not believe this record presents a variance between the indictment and proof at trial. *Cf. Calico v. State,* 1999 Tex. App. Lexis 1361, at *1-4 (Tex. App.—Dallas Mar. 1, 1999, no pet.) (not designated for publication) (holding indictment not fundamentally defective even though under statutory violation charged "instrument" included a "personal identification card" while indictment identified instrument as "Texas Identification Card"). Sufficient evidence established that Mesa Verde Elementary School lies within 1,000 feet of the residence and the school is owned, leased, or rented by Amarillo Independent School District. The assistant superintendent testified that Amarillo Independent School District owns the land on which the school is located. He agreed that according to the deed to the property a "board" or "trustees," holds title to the property. The jury was reasonably entitled to infer that Amarillo Independent School Board is synonymous with the school board or board of trustees of the Amarillo Independent School District.[3]

Moreover, if a variance is presented, we look to its materiality. *Fuller v. State,* 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). In the materiality determination of a non-statutory variance like that assertedly present here, "some variation in pleading and proof is tolerated." *Johnson v. State,* 364 S.W.3d 292, 295 (Tex. Crim. App. 2012). The

---

[3] *See* Webster's New World Dictionary 1274 (2d College Edition 1980) (defining "school board" as "a group of people, elected or appointed, who are in charge of local public schools"); Black's Law Dictionary 1463 (9th ed. 2009) ("school board" is "an administrative body, made up of a number of directors or trustees, responsible for overseeing public schools within a city, county, or district"); *cf.* TEX. EDUC. CODE ANN. § 11.051(a)(1) (West 2012) ("An independent school district is governed by a board of trustees who, as a body corporate, shall . . . oversee the management of the district").

variance may not, however, be so significant that the proof at trial shows "an entirely different offense" than what the indictment alleged. *Id.* Evaluating materiality, we determine "whether the variance deprived the defendant of notice of the charges or whether the variance subjects the defendant to the risk of later being prosecuted for the same offense." *Fuller*, 73 S.W.3d at 253 (citing *Gollihar,* 46 S.W.3d at 257). The burden of showing surprise or prejudice resulting from an alleged variance is for the defendant. *Santana v. State,* 59 S.W.3d 187, 194-95 (Tex. Crim. App. 2001); *Cole v. State,* 611 S.W.2d 79, 82 (Tex. Crim. App. 1981).

Nothing in the record indicates appellant was surprised by the proof at trial of the owner, renter, or lessee of the school property.[4] *See Fuller,* 73 S.W.3d at 254. Nor is there any persuasive contention appellant faces any peril of double jeopardy for the drug offense. Appellant's issue is overruled.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.

---

[4] In closing argument appellant's counsel made clear there was no surprise at the manner title is held, "A school district is a political entity. And it is—you heard [the assistant superintendent] testify that the property is actually owned by the Board of Trustees of the Amarillo Independent School District."