MEMORANDUM OPINION



No. 04-06-00245-CR



Ernest GUERRA,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, Atascosa County, Texas


Trial Court No. 05-05-0136-CRA


Honorable Donna S. Rayes, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice 

 Rebecca Simmons, Justice


Delivered and Filed: March 14, 2007


AFFIRMED


 A jury convicted Ernest Guerra of six counts of burglary of a habitation, and the trial court
assessed punishment at sixty years imprisonment. On appeal, Guerra contends that he was denied
effective assistance of counsel and that the evidence is legally insufficient to support: (1) his
conviction; and (2) the trial court's finding of true to the four enhancement allegations in his
indictment. We affirm the trial court's judgment. 

Background

 In the fall of 2004, several burglaries occurred in the rural areas of Atascosa County. All of
the burglaries were committed during daylight hours when the owners were not at home. In
November, one of the homeowners, Daniel Delafuente, returned home with his brother and noticed
an unfamiliar car parked outside his gate. Delafuente saw a man inside the car and noticed two men
walking from his house toward his gate. When he asked the men why they were there, one of them
told him that they were looking for a jack for a friend whose car had broken down. Delafuente told
them he did not have a jack and asked them to leave his property. After they left, he returned to his
home to find that it had been burglarized. His brother gave police the license plate number of the
men's car. Police discovered that the car was registered to Guerra and another person. Delafuente
later identified Guerra in a photo lineup and at trial as the man he spoke to in his driveway, and
Delafuente's brother identified Guerra's car in photos shown to him by police. Guerra's car also
matched the description of a car seen near two of the other burglaries. Police later discovered several
pawn tickets with Guerra's name listing some of the items stolen in the burglaries. Officers
recovered some of the stolen property from pawn shops, from Guerra's car, and from the residence
where Guerra lived with his girlfriend. 

Ineffective Assistance of Counsel 

 In his first point of error, Guerra contends that trial counsel was ineffective in failing to
object to a wide range of allegedly inadmissible evidence. To reverse a criminal defendant's
conviction on ineffective assistance grounds, the defendant must demonstrate by a preponderance
of the evidence that: (1) counsel's performance was so deficient as to fall below an objective
standard of reasonableness; and (2) there is a reasonable probability that but for counsel's
unprofessional errors, the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812, 813 (Tex. Crim. App.
1999); Hernandez v. State, 198 S.W.3d 257, 269 (Tex. App.-San Antonio 2006, pet. ref'd). We look
to the totality of the representation at trial, not isolated acts or omissions of counsel in hindsight. 
Thompson, 9 S.W.3d at 813; Hernandez, 198 S.W.3d at 269. To show deficient performance, the
first prong of the Strickland standard, Guerra must prove that his counsel's performance fell below
an objective standard of reasonableness and must rebut the presumption that counsel's trial decisions
were based on sound trial strategy. Thompson, 9 S.W.3d at 812, 814. To satisfy this prong, any
allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Id. at 814. In most cases, a silent record that provides no
explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 813-14. 

 Guerra contends that his trial counsel failed to object to: (1) prejudicial evidence; (2)
evidence obtained in the search of the home where Guerra lived with his girlfriend; (3) evidence
obtained in the search of Guerra's car; and (4) hearsay evidence. However, Guerra did not raise his
ineffective assistance claims in his motion for new trial. Thus, the record is silent as to defense
counsel's reasons for his decisions. Absent record evidence to the contrary, we must presume that
counsel's conduct fell within the wide range of reasonable professional assistance. Thompson, 9
S.W.3d at 813-14. To conclude that the representation by Guerra's counsel was deficient without
a proper record exploring counsel's trial strategy would require this court to speculate as to counsel's
motivation and reasoning, which we may not do. See Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). Because the record is silent, Guerra cannot overcome the presumption that his trial
counsel's decisions fell within the wide range of reasonable professional assistance. Thompson, 9
S.W.3d at 814. Accordingly, we overrule Guerra's first point of error. 

Legal SufficiencyA. Conviction

 In his second point of error, Guerra contends that the evidence is legally insufficient to
support his conviction under any of the six counts of burglary of a habitation. In reviewing the legal
sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Margraves v. State, 34
S.W.3d 912, 917 (Tex. Crim. App. 2000). This standard of review applies to cases involving both
direct and circumstantial evidence. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 
Although we consider all of the evidence presented at trial, we may not substitute our judgment for
that of the jury. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The trier of fact is the
sole judge of the weight and credibility of the evidence. Margraves, 34 S.W.3d at 919. 

 A person commits the offense of burglary of a habitation if he enters a habitation not then
open to the public without the effective consent of the owner and with intent to commit a felony,
theft, or an assault or if he commits or attempts to commit a felony, theft, or an assault. See Tex.
Penal Code Ann. § 30.02(a) (Vernon 2003). Here, the indictment alleged that Guerra intentionally
and knowingly entered six habitations without the consent of the owners and attempted to commit
and did commit theft of property. On appeal, Guerra contends that the evidence is legally
insufficient to support a finding that he was the person who committed the six burglaries. We
consider each of the burglaries in turn. 

Danny Delafuente

 Delafuente returned home to find two men on his property coming from the direction of his
house and another man in a car outside his gate. Delafuente's brother also arrived at his house at this
time. Neither Delafuente nor his brother knew the three men. Delafuente spoke with one of the
men, who told him they were looking for a jack for a friend whose car had broken down. Delafuente
later identified the man he spoke to as Guerra in a photo line-up and at trial. Just minutes after the
men left his property, Delafuente returned to his house to find it burglarized. Delafuente's brother
gave police the license plate number of the car being used by the men, who drove away. Police
discovered that the car was registered to Guerra and another person. Delafuente's brother also
identified Guerra's car - a green, four-door Ford Escort - in photos shown to him by police. 

Roland Martinez

 Roland Martinez's neighbor, Jason Woodley, and Woodley's former girlfriend, Rebecca
Yates, testified that they were leaving Woodley's house when they saw a man close Martinez's gate
and then jump into the passenger seat of a green, four-door car as the car sped out of Martinez's
driveway. Woodley and Yates later learned that Martinez's home had been burglarized on that day. 
They testified that they saw three people: a driver, a person in the back seat of the car, and the man
who shut the gate and entered the front passenger seat of the car. Yates testified that the driver of
the car was male. Another neighbor, James Kruse, testified that he saw a small, green Escort coming
from the direction of Martinez's home at a high rate of speed on the day of the burglary. Police later
discovered a saddle stolen from Martinez's home in the home where Guerra lived with his girlfriend. 



 Patrick McGill

 David Soward, chief deputy sheriff for the Atascosa County Sheriff's Office, testified that
Patrick McGill's neighbor observed a green car at McGill's home during the time that the burglary
occurred. The neighbor told the police that he saw two or three Hispanic males in the car. A pellet
rifle stolen from McGill's home was later discovered in the home where Guerra lived with his
girlfriend. 

Tommy Hickok and Ricky Schultz

 Police discovered pawn receipts identifying Guerra as the person who pawned a drill stolen
from Tommy Hickok's home and jewelry stolen from the home of Ricky Schultz. Police recovered
the property at two pawn shops. Guerra pawned Hickok's drill six days after the burglary at
Hickok's home and Schultz's jewelry five days after the burglary at Schultz's home. 

Rafael Resendez

 The burglary of Resendez's home occurred on the same day as that of Schultz's home. The
two homes are approximately nine miles apart. When Schultz returned home after the burglary
occurred, he saw a television and some other items lying in his yard that had not been there when
he left his home forty minutes earlier. Police later determined that the items lying in Schultz's yard
were stolen from Resendez's home. 

Discussion

 Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational
trier of fact could have found the essential elements of each count of burglary of a habitation. Guerra
was directly linked to the burglary at Delafuente's home by Delafuente's identification of Guerra as
the man he spoke to in his driveway and Delafuente's brother's identification of Guerra's car and
license-plate number. Guerra was linked to the burglaries at Martinez's and McGill's homes by the
discovery of stolen property from both burglaries at the home where he lived with his girlfriend and
by witness testimony placing a green car matching the description of Guerra's car at or near the scene
of both burglaries. Evidence linking Guerra to the burglaries of the homes of Hickok and Schultz
consisted of pawn receipts showing that Guerra pawned items stolen in both burglaries. (1) Finally,
because Guerra can be directly linked to the burglary at Schultz's home, he is also indirectly linked
to the burglary of the Resendez home because both burglaries occurred on the same day, the homes
were only nine miles apart, and items stolen from Resendez's home were found in Schultz's yard. 

 In addition to the evidence connecting Guerra to each burglary, the record shows that all six
burglaries also had three similarities: (1) each of the homes was slightly isolated and in a rural area
of Atascosa County; (2) all the burglaries occurred within less than two months; and (3) all the
burglaries occurred during the daylight hours when the residents were away from home. Also,
witnesses saw a green car at or near the scene of three of the burglaries. Based on the evidence
connecting Guerra to each burglary and the evidence of similarities among the burglaries, we
conclude that a rational trier of fact could have found the essential elements of each count of burglary
of a habitation. Accordingly, we hold that the evidence is legally sufficient to support Guerra's
conviction on all six counts of burglary of a habitation. 

B. Enhancement

 In his third point of error, Guerra contends that the evidence is legally insufficient to sustain
the trial court's finding of true to the four enhancement allegations in the indictment. Guerra argues
that the evidence is legally insufficient as a result of: (1) defects in the enhancement allegations of
the indictment; and (2) variances between the convictions charged in the enhancement allegations
and the proof presented at the punishment phase of trial. The first defect alleged by Guerra is that
the indictment states an incorrect cause number and offense for his second conviction. The second
alleged defect is that the indictment lists Guerra's third and fourth convictions as taking place in an
incorrect court. A defendant must object before trial to a defect in the form or substance of an
indictment, including a defect in the enhancement allegations, or he waives the right to raise the
objection on appeal. See Tex. Code. Crim. Proc. Ann. art. 1.14(b) (Vernon 2005); Ex parte
Patterson, 969 S.W.2d 16, 19-20 (Tex. Crim. App. 1998) (holding that defect in enhancement
portion of indictment required objection before trial to preserve error). Here, Guerra did not object
to the indictment before trial. Because he did not properly object, he failed to preserve error for our
review. 

 Guerra also points out variances between the cause numbers in the enhancement allegations
and the proof presented at trial. Specifically, when the State's attorney read the enhancement
allegations during the punishment phase, he added a zero before each of the first two numbers in
each cause number. Thus, the indictment lists the cause numbers as 87-CR-4087-A; 87-CR-43335; 
92-CR-3728A; and 92-CR-3558B, but the State's attorney read the numbers as 08-07-CR-4087-A;
08-07-CR-43335; 09-02-CR-3728A; and 09-02-CR-3558B. It is not necessary to allege prior
convictions for enhancement purposes with the same particularity that must be used in charging the
primary offense. Freda v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); Cole v. State, 611
S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981). The purpose of the enhancement allegation is
to provide the accused with notice of the prior conviction relied upon by the State. Cole, 611 S.W.2d
at 82. Absent proof of prejudicial surprise, a variance between the allegations in an indictment and
the proof presented at trial is not material and does not require reversal. See Freda, 704 S.W.2d at
42; Cole, 611 S.W.2d at 82. Here, the penitentiary packets with the correct cause numbers were
admitted into evidence during the punishment phase. Because Guerra does not allege that the
variances between the cause numbers in the enhancement allegations and those read at the
punishment phase surprised him to his prejudice, the variances are not material and do not require
reversal. See Cole, 611 S.W.2d at 80, 82 (holding that variance between cause number alleged,
87954, and cause number proved, 87594, not material because no evidence of prejudicial surprise). 
We therefore overrule Guerra's third point of error. 

Conclusion

 We affirm the trial court's judgment. 

 Alma L. López, Chief Justice

Do Not Publish


1. A defendant's unexplained possession of recently stolen property permits an inference that the defendant
is the person who committed the burglary. Poncio v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). To
warrant an inference of guilt based solely on the possession of stolen property, the possession must be personal,
recent, unexplained, and involve a distinct and conscious assertion of right to the property by the defendant. 
Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Ordinarily, whether property is "recently" stolen is
a question of fact. Id. We conclude that the evidence is sufficient to support the jury's implicit finding that the
stolen property pawned by Guerra within one week of each of the burglaries was recently stolen. See Crain v. State,
529 S.W.2d 774, 775 (Tex. Crim. App. 1975) (finding that car recovered thirty days after theft was recently stolen). 
Further, the record shows that Guerra did not provide an explanation for why he possessed the property. Also, by
pawning the stolen property, Guerra established that his possession of the property was personal and involved a
distinct and conscious assertion of right to the property. See Taylor v. State, 921 S.W.2d 740, 745 (Tex. App.-El
Paso 1996, no pet.) (holding sale of stolen property to pawn shop sufficient to establish both personal possession and
assertion of conscious and distinct right to property). Accordingly, we conclude that Guerra's possession of the
stolen items is sufficient to raise an inference that he committed the burglaries of Hickok's and Schultz's homes.