Toby Eugene **ROGERS, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–05–00538–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 2006.

Mary Jo Holloway, Brenham, for Appellant.

Stephen Christopher Taylor, Humble, for State.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Toby Eugene Rogers, appeals from his conviction for assault on a family member—enhanced. A jury found him guilty and assessed punishment at ten years' imprisonment. In two issues, appellant contends that (1) the evidence is legally insufficient to support the conviction, and (2) the trial court erred by not granting a mistrial when extraneous offenses were raised during trial in violation of the motion in limine. We affirm.

### Background

After a violent encounter at the apartment of Kendra Koehne (the complainant and mother of appellant's child), appellant was charged with assault on a family member—enhanced and burglary of a habitation. The jury ultimately found appellant guilty on the assault count but not guilty on the burglary count.

The indictment alleged that the assault charge was enhanced because appellant had previously been convicted in November 2002 in cause number 02542 of "Assault causes bodily injury: family member." The jury charge tracked this language. At trial, as proof of appellant's prior conviction, the State offered a deferred adjudication judgment. This judgment is dated November 6, 2002, and establishes that in "Cause No. 02–524" appellant pleaded no contest to and was placed on deferred adjudication for "Assault—Family Violence." The judgment makes no mention of bodily injury.[1] Also, at trial, the prosecutor asked both appellant and complainant whether appellant had previously received deferred adjudication for "assault, family violence"; both acknowledged that he had. However, the prosecutor did not ask the witnesses about the specific conduct made the basis of this prior charge and judgment. Thus, there is no evidence in the record that appellant's prior conviction involved bodily injury.

Before trial, the court granted appellant's motion in limine and ordered that the State's attorney and witnesses "shall not mention, allude to or refer to, in any manner, any extraneous offenses committed by the Defendant ... in the presence of the jury." During trial, the prosecutor asked Deputy Sheriff Eddie Ocanas "[w]hat type of criteria or what are you looking for when you determine how you're going to fill out this part of your report, where [it] says offender used, and you have a choice of alcohol, computer equipment or drugs?" Defense counsel objected, and after an off-the-record discussion at the bench, the trial court overruled the objection. The prosecutor repeated the question, and Ocanas answered: "Based on what I was told, since there was no second party to verify it, I just checked what I was told." The prosecutor then asked "[s]o, during the course of your investigation ... you were told information that the offender may have been on drugs at that particular time?" Ocanas answered "[m]ay have possibly." Defense counsel then objected that this testimony violated the motion in limine, and the trial judge ordered that the jury be taken out of the courtroom. Outside the presence of the jury, the judge sustained a hearsay objection to the last question. When the jury returned, the trial court instructed them to disregard the last objection and the last response by Ocanas. Defense counsel requested a mistrial, which the trial court denied.

1. The finding of "family violence" in the judgment was made expressly pursuant to article 42.013 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 42.013. Article 42.013 requires that if in the trial of an offense under Title 5 of the Penal Code (which includes the assault section under which appellant was convicted) the court determines that the offense involved "family violence," as described in section 71.004 of the Texas Family Code, the court must enter an affirmative finding in that regard in the judgment. *Id.;* TEX. FAM.CODE ANN. § 71.004. Section 71.004 defines "family violence" as including actions that intend to cause bodily injury to a family member and actions that place a family member in fear of imminent bodily injury, among other things. TEX. FAM.CODE ANN. § 71.004. Thus, a family violence finding is not tantamount to a finding that bodily injury occurred.

The prosecutor then asked Ocanas what charges he filed, and Ocanas replied "[b]urglary of a habitation, intent to commit assault, and violence [sic] of a protective order, assault with family violence." The State then passed the witness. Outside the hearing of the jury, defense counsel objected that the State was violating the order on the motion in limine by revealing extraneous offenses without first approaching the bench. The trial court then instructed the jury to disregard any information regarding a protective order. Defense counsel again moved for a mistrial, and the trial court again denied the motion.

During deliberations, the jury sent out a note asking (1) "[b]ased on the fact that there was a restraining order on Toby Rogers, should this charge be separated from the charge of burglary," and (2) "[d]id he have any right to be on the premises?" The court responded that the jury should consider only the evidence and the law before them and that they should reread the charge. Defense counsel made no objection to the court's answer.

### Legal Sufficiency

In his first issue, appellant contends that the evidence was legally insufficient to sustain the conviction because the State failed to offer any evidence to prove the enhancement element of the offense as charged in the indictment. Specifically, appellant argues that while the indictment alleged he had a prior conviction for assault against a family member that resulted in bodily injury, there was no evidence at trial that the prior assault actually resulted in bodily injury. Thus, while appellant argues only legal sufficiency of the evidence, he in fact raises a variance between the allegations in the indictment and the proof at trial. *See Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App.2001).[2]

The Court of Criminal Appeals has decreed that a materiality inquiry must be made in all cases involving a sufficiency of the evidence claim based on a variance between the indictment and the evidence. *Fuller v. State*, 73 S.W.3d 250, 253 (Tex. Crim.App.2002) (citing *Gollihar*, 46 S.W.3d at 257). Such a variance will be considered "fatal," and thus render the evidence insufficient, only when it is "material." *Id.; Gollihar*, 46 S.W.3d at 257. A variance is material if it (1) deprived the defendant of sufficient notice of the charges against him such that he could not prepare an adequate defense, or (2) would subject him to the risk of being prosecuted twice for the same offense. *Fuller*, 73 S.W.3d at 253; *Gollihar*, 46 S.W.3d at 257.[3]

---

**2.** The fact that the jury charge tracked the "bodily injury" language is irrelevant for legal sufficiency review because legal sufficiency is judged against a hypothetically correct jury charge not against the charge actually given. *See Malik v. State*, 953 S.W.2d 234 (Tex.Crim. App.1997); *see also Gollihar*, 46 S.W.3d at 255–56 (applying *Malik* in variance context).

**3.** We note that in order to enhance the level of the offense, the penal statute under which appellant was prosecuted, former section 22.01(b) of the Texas Penal Code, did not require proof that the *prior* conviction involved bodily injury. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 919 (last amended in 2005) (cur-

rent version at Tex Pen.Code Ann § 22.01(b)); *see also Gollihar*, 46 S.W.3d at 258 (emphasizing that State was not required to prove element on which indictment and proof varied). The penal statute in question generally categorized an assault causing bodily injury (the offense in the *current* prosecution) as a class A misdemeanor; however, under certain circumstances the offense could be enhanced to a third degree felony. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 919. At the time of the offense, one of the enhancing circumstances occurred when the offense was committed against a family member (defined to include individuals who are parents of the same child), and the

■ The burden of demonstrating materiality in the variance context rests with the defendant. *See Santana v. State*, 59 S.W.3d 187, 194–95 (Tex.Crim.App. 2001). Although appellant here generally attacks the sufficiency of the evidence to show bodily injury in the prior assault, he does not allege that the allegations in the indictment provided him with insufficient notice of the charges against him or subjected him to the risk of being prosecuted twice for the same offense. Indeed, although the indictment unnecessarily added the "bodily injury" language to the allegations, it also contained the month and cause number of the prior judgment being used for enhancement purposes. Consequently, it is extremely unlikely that appellant did not realize which prior conviction was being used for enhancement purposes.[4] *See Fuller*, 73 S.W.3d at 254 (holding variance was immaterial in part because there was no indication in the record that appellant did not know the person he was accused of injuring or that he was surprised by the proof at trial). Furthermore, the indictment does not subject appellant to the risk of being prosecuted twice for the same offense because the current alleged crime could be enhanced only once. Even if the indictment was

confusing regarding which prior conviction was being used for enhancement purposes, absent extraordinary circumstances not applicable here, appellant could not be tried again for the current alleged offense (regardless of whether it was enhanced with the conviction in cause number 02542). Accordingly, the variance between the indictment and the proof at trial is immaterial.

Appellant's insufficiency argument is based solely on the variance. Having found that the variance is immaterial and must be disregarded in a sufficiency review, we overrule this first issue. *See Gollihar*, 46 S.W.3d at 258 (concluding sufficiency analysis upon holding that variance was immaterial).

### Motion for Mistrial

■ In his second issue, appellant contends that the trial court erred in denying his motion for a mistrial when extraneous offenses were raised in violation of the motion in limine. Specifically, appellant complains of questions and answers during Deputy Ocanas's testimony suggesting that appellant had used illicit drugs and violated a protective order. We review the

---

defendant had been previously convicted of an offense against a family member under section 22.01. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 919 (referencing the definition of "family" in Tex. Fam.Code Ann. § 71.003) (current version at Tex. Pen.Code Ann § 22.01(b)(2)). Thus, enhancement under this subsection required proof only of a prior conviction for assault against a family member; it did not require proof that bodily injury resulted from the prior assault. Appellant does not dispute that his prior conviction was for assault against a family member; he argues only that the State failed to prove bodily injury as alleged in the indictment.

We further note that when a prior conviction is used to enhance the level of offense

under both the current and former versions of section 22.01, the State must prove the existence of the prior conviction as an element of the offense in the guilt/innocence phase of trial. *See, e.g., Manning v. State*, 112 S.W.3d 740, 743–44 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Sheppard v. State*, 5 S.W.3d 338, 340 (Tex.App.-Texarkana 1999, no pet.). A prior "conviction" for enhancement purposes can be shown, as it was here, by proof that the defendant previously pleaded no contest and received deferred adjudication. Tex. Pen.Code Ann. 22.01(f)(1).

4. There is also no evidence that he had any other convictions that might have caused confusion regarding which one was being used for enhancement purposes.

denial of a motion for a mistrial under an abuse of discretion standard. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). The grant of a mistrial is proper "when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* We generally presume that a jury will follow a trial court's instruction to disregard objectionable testimony. *Id.* An instruction to disregard testimony referring to extraneous offenses will render the testimony harmless "unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Kemp v. State,* 846 S.W.2d 289, 308 (Tex.Crim.App.1992); *see also Drake v. State,* 123 S.W.3d 596, 604 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd).

■ During Ocanas's testimony, the prosecutor asked him whether he had been told that appellant may have been using drugs at the time of the offense, and Ocanas answered "[m]ay have possibly." The trial court removed the jury from the courtroom and sustained a hearsay objection to the testimony. When the jury returned, the court instructed them to disregard the last question. This brief and equivocal mention of drug use was not so emotionally inflammatory that the trial court's prompt instruction failed to prevent appellant from being unfairly prejudiced. *See Bauder v. State,* 921 S.W.2d 696, 698 (Tex.Crim.App.1996); *Ho v. State,* 171 S.W.3d 295, 306 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd).[5]

■ When the prosecutor subsequently asked Ocanas what charges he filed against appellant, Ocanas replied "[b]urglary of a habitation, intent to commit assault, and violence [sic] of a protective order, assault with family violence." Outside the hearing of the jury, defense counsel again objected that the State was violating the order on the motion in limine. The trial court then instructed the jury to disregard any information regarding a protective order. Ocanas's brief unembellished reference *to a violation of a* protective order was not so emotionally inflammatory that the trial court's prompt instruction failed to prevent appellant from being unfairly prejudiced. *See Bauder,* 921 S.W.2d at 698; *Ho,* 171 S.W.3d at 306. Furthermore, even assuming that the trial court erred in refusing the mistrial, such error would be harmless because other evidence that appellant violated a protective order was admitted without objection. *See Harris v. State,* 164 S.W.3d 775, 783 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). Koehne testified on direct examination that she called 9–1–1 and reported that there was a protective order against appellant and that he was at the house. Then, during cross-examination, when defense counsel asked Koehne if she remembered telling the 9–1–1 operator that appellant was at her house in violation of a protective order, Koehne answered affirmatively. Defense counsel also asked her whether appellant was violating the order when he came to her door, and she again answered affirmatively. Thus, any error in refusing to declare

---

5. In his brief, appellant asserts that the court's instruction to disregard was not sufficiently prompt. The court's instruction came after a discussion with counsel outside the presence of the jury but came before any further testimony or discussion was had in the jury's presence. The instruction was sufficiently prompt to be effective.

a mistrial would have been harmless.[6] Appellant's second issue is overruled.

We affirm the trial court's judgment.

**6.** Appellant argues that the fact the jury sent out a note asking about how the protective order related to the jury charge demonstrates harm and the necessity of a mistrial. However, the jury's note more likely resulted from Koehne's testimony than that of Ocanas. We presume the jury followed the trial court's instruction to disregard Ocanas's testimony. *Ladd*, 3 S.W.3d at 567. We further note that defense counsel made no objection to the trial court's response, which admonished the jury to consider only the evidence and the law before them and to reread the charge. Defense counsel also did not renew his request for a mistrial after the jury sent the note.