Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed
and Memorandum Opinion filed November 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00860-CR

_______________

 

ZARREN MARKEITH SCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1084334

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant
Zarren Markeith Scott contends the evidence is legally and factually
insufficient to support the elevation of the instant assault from a Class A
misdemeanor to a third degree felony.  Appellant=s challenge, however, is actually a
complaint about a variance between the allegations in the indictment and the
evidence introduced at trial.  Because this variance is immaterial, we affirm
his conviction.








I.  Factual and Procedural Background

Because
appellant=s sufficiency challenges rest entirely on a variance between the
allegations in the indictment and the proof at trial relating to the elevation
of this offense from a misdemeanor to a felony, we address the facts of the
case only briefly here.  On September 12, 2006, appellant was indicted for the
offense of assault alleged to have occurred on or about February 23, 2006.  The
indictment alleged that appellant caused bodily injury to the complainant, a
female with whom he had a dating relationship, by striking her with his hand.[1] 
The indictment further alleged that on March 20, 2000, appellant Awas convicted of an offense under
Chapter 22, Texas Penal Code[,] which was committed against a person with whom
[appellant] had a dating relationship as defined by Section 71.0021(b), Texas
Family Code.@[2]  To prove this allegation at trial,
the State introduced the judgment and sentence from a prior conviction of
appellant, which included an affirmative finding of family violence.  This
judgment and sentence did not specify, however, the particular type of family
relationship involved in that case.  The State did not introduce any other
evidence establishing the type of family relationship involved in appellant=s prior conviction.

After
hearing the evidence, a jury found appellant guilty of assault as charged and
sentenced him to 55 years confinement in the Texas Department of Criminal
Justice, Institutional Division.  After a motion for new trial was overruled by
operation of law, appellant timely appealed his conviction.








II.  Issues and Analysis

In his
first and second issues, appellant contends that the evidence is legally and
factually insufficient to sustain his conviction because the State failed to
offer any evidence to prove the enhancement element of the offense as charged
in the indictment.  Because of his prior conviction, the charged offense in
this case was elevated from a Class A misdemeanor to a third degree felony.  See
Tex. Penal Code Ann. ' 22.01(b)(2) (Vernon 2003) (providing
that if a person commits an assault involving bodily injury against a person
with whom he has a dating relationship and has previously been convicted of an
offense falling into the Afamily violence@ category, the assault becomes a
third degree felony).  Appellant argues that although the indictment alleged he
had a prior conviction for assault against a person with whom he had a dating
relationship, there was no evidence at trial that the prior assault was
actually committed against such a person.  Thus, while appellant challenges the
sufficiency of the evidence, he in fact raises a variance between the
allegations in the indictment and the proof at trial.[3] 
See Gollihar v. State, 46 S.W.3d 243, 247 (Tex. Crim. App. 2001).  








In cases
involving a sufficiency claim based on a variance between the indictment and
the evidence, rather than reviewing the evidence under the traditional
sufficiency standards, we must instead consider the materiality of the
variance.  Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002)
(en banc); Rogers v. State, 200 S.W.3d 233, 236 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).   A variance is fatal, i.e.,
renders the evidence insufficient, only when it is material.  Fuller, 73
S.W.3d at 253; Gollihar, 46 S.W.3d at 257; Rogers, 200 S.W.3d at
236.  AA variance is material if it (1)
deprived the defendant of sufficient notice of the charges against him such
that he could not prepare an adequate defense, or (2) would subject him to the
risk of being prosecuted twice for the same offense.@  Rogers, 200 S.W.3d at 236
(citing Fuller, 73 S.W.3d at 253; Gollihar, 46 S.W.3d at 257.). 
In addition, the burden of demonstrating the materiality of a variance rests with
the defendant.  Id. at 237 (citing Santana v. State, 59 S.W.3d
187, 194B95 (Tex. Crim. App. 2001)).

Although
appellant attacks the sufficiency of the evidence showing that his prior
conviction was for an offense against a person with whom he had a dating
relationship, he has not alleged that he was deprived of sufficient notice of
the charges against him and could not prepare an adequate defense, or that he
would be subject to being prosecuted twice for the same offense.  But even if
he had made such allegations, they would fail for the following reasons. 
First, the indictment contained the month and cause number of the prior
judgment being used for enhancement purposes.  It is therefore unlikely that
appellant did not realize which prior conviction was being used for enhancement
purposes.  See Fuller, 73 S.W.3d at 254; Rogers, 200 S.W.3d at
237.  Second, appellant=s current offense can only be enhanced once, so he is not
subject to being prosecuted twice for the same offense.  See Rogers, 200
S.W.3d at 237.  Consequently, the variance between the indictment and the proof
at trial is immaterial, and must be disregarded in a sufficiency review.  See
Gollihar, 46 S.W.3d at 258; Rogers, 200 S.W.3d at 237.








Finally,
the assault in this case was appropriately elevated to a third degree felony if
appellant had previously been convicted of an offense against Aa person whose relationship to or
association with the defendant is described by Section 71.0021(b), 71.003, or
71.005, Family Code . . . .@  Tex.
Penal Code Ann. ' 22.01(b)(2).  Thus, the State was required to establish that
appellant had previously been convicted of an offense against: (1) a
person with whom he has or had a Acontinuing relationship of a romantic
or intimate nature@;[4] (2) a
family member, including Aindividuals related by consanguinity or
affinity . . . and individuals who are former spouses of
each other, individuals who are the parents of the same child, without regard
to marriage, and a foster child and foster parent, without regard to whether
those individuals reside together@;[5]
or (3) against a member of his household, meaning Aa unit composed of persons living
together in the same dwelling without regard to whether they are related to
each other.@[6]  The judgment introduced into
evidence by the State to prove appellant=s prior assault conviction included a
finding of Afamily violence.@[7] Thus, although the indictment alleged that appellant=s prior conviction involved a person
with whom he had a dating relationship (i.e., an offense against a
person with whom he had a relationship described by section 71.0021(b) of the
Texas Family Code), elevation of the instant offense was appropriate because he
had been convicted of an assault involving family violence (i.e., assaulting
a person with whom he had a relationship described by section 71.003 of the
Texas Family Code).  See Tex.
Penal Code Ann. ' 22.01(b)(2).  This judgment therefore provided both
legally and factually sufficient evidence to enhance appellant=s offense to a third degree felony.[8]








In sum,
appellant=s challenges to the sufficiency of the evidence rest solely on an
immaterial variance.  Further, both legally and factually sufficient evidence
was introduced at trial to support the elevation of appellant=s offense to a felony.  Accordingly,
we overrule appellant=s first and second issues. 

III.  Conclusion 

Having
overruled appellant=s issues, we affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed November 29, 2007.

Panel consists of Justices Yates,
Fowler, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant does not contend that the State failed to
prove he had a dating relationship with the complainant.





[2]  The indictment was amended on September 19, 2006,
but the challenged language remained the same.





[3]  The fact that the jury charge tracked the language
of the indictment is irrelevant for sufficiency review purposes because
sufficiency of the evidence is judged against a hypothetically correct jury
charge rather than the charge actually given.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); see also Gollihar, 46
S.W.3d at 255B56; Rogers, 200 S.W.3d at 236 n.2.





[4]  Tex. Fam.
Code Ann. ' 71.0021(b) (Vernon 2002).





[5]  Id. '
71.003.





[6] Id. '
71.005.





[7]  This finding indicates that appellant=s prior assault conviction involved family violence
defined by section 71.004 of the Family Code.  See Tex. Code Crim. Pro. Ann. art. 42.013
(Vernon 2006) (AIn the trial of an offense under Title 5, Penal Code,
if the court determines that the offense involved family violence, as defined
by Section 71.004, Family Code, the court shall make an affirmative finding of
that fact and enter the affirmative finding in the judgment of the case.@).  AFamily violence@ is defined as, inter alia, an act:

by a member
of a family or household against another member of the family or household that
is intended to result in physical harm, bodily injury, assault, or
sexual assault or that is a threat that reasonably places the member in fear of
imminent physical harm, bodily injury, assault, or sexual assault, but does not
include defensive measures to protect oneself.

Tex. Fam. Code Ann. ' 71.004(1) (Vernon 2002) (emphasis added).  It also
expressly includes Adating violence.@  Id.
' 71.004(3).





[8]  See, e.g., Swan v. State, No.
02-05-049-CR, 2006 WL 59515, at *2 (Tex. App.CFort Worth Jan. 12, 2006, no pet.) (per curiam) (mem. op., not
designated for publication) (holding that challenges to legal and factual
sufficiency of the evidence resting on an immaterial variance must fail); Sterns
v. State, Nos. 01-04-00454-CR, 01-04-00455-CR, 2005 WL 3454080, at *6 (Tex.
App.CHouston [1st Dist.] Dec. 15, 2005, pet. ref=d) (mem. op., not designated for publication) (holding
that, in a challenge to the legal and factual sufficiency of the evidence, an
immaterial variance between the allegations in the indictment and proof did not
require reversal of a conviction); Butler v. State, No. 14-01-01140-CR,
2003 WL 297532, at *2 (Tex. App.CHouston
[14th Dist.] Feb. 13, 2003, no pet.) (mem. op., not designated for publication)
(determining that evidence was legally and factually sufficient to support a
conviction because a variance between the information and proof was
immaterial).