Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed and Memorandum Opinion filed November 29,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00884-CR

NO. 14-06-00885-CR

_______________

 

BILLY RAY SMILEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos.  1027286, 1027288  

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant
Billy Ray Smiley appeals his convictions for possession of marijuana and
possession with intent to deliver cocaine on the ground that the trial court
abused its discretion by failing to grant a mistrial  after a State rebuttal
witness violated the court=s motion in limine.  We affirm.








I.  Factual and Procedural Background

Appellant
has not challenged the sufficiency of the evidence.  We therefore discuss the
facts only briefly here and throughout the opinion as necessary to address
appellant=s sole issue.

On May
16, 2005, several Houston Police Department (AHPD@) undercover narcotics officers were
conducting an investigation in the 4000 block of Scott Street in Harris
County.  While overseeing a paid informant=s drug purchase at a car wash in that
area, HPD Officer Abraham Vanderberry saw several individuals smoking
marijuana.  When marked patrol cars arrived at the scene to arrest the
individual from whom the informant had purchased drugs, these  individuals dispersed
on foot.  Vanderberry and other undercover surveillance officers observed where
they fled.  Two of the individuals went into a nearby store briefly and then
came out to watch the police activity by the car wash.  Vanderberry was in his
parked unmarked vehicle and had a clear view of the store and the parking lot. 
He saw one of the individuals, later identified as Gerard Jackson, approach a
maroon car parked in front of the store, with appellant and another individual
inside.   

After
observing what appeared to be a drug transaction between appellant and Jackson,
Vanderberry approached appellant in his vehicle, detected the odor of
marijuana, and saw what appeared to be rocks of crack cocaine on the gear shift
of the car.  Appellant, who was in the driver=s seat of the car, got out of the
vehicle; he and the vehicle=s other occupant fled on foot.  Vanderberry and other
officers apprehended the fleeing suspects, and a subsequent search of the
vehicle resulted in the discovery of marijuana and cocaine.  Appellant was
arrested and later indicted  for the offenses of possession of marijuana and
possession with intent to deliver cocaine. 








Before
his jury trial, the trial court granted appellant=s motion in limine, requiring, as is
relevant here, that the prosecution approach the bench and receive permission
from the court prior to mentioning, alluding to, or eliciting evidence regarding
(a) any extraneous offenses allegedly committed by appellant not charged in the
indictment; (b) any prior arrests or convictions;(c) any reference to any prior
bad acts; and (d) any reference to the allegation of Gerard Jackson that
appellant had dealt drugs prior to the date of his arrest.  Jackson was not
called as a witness during the State=s case-in-chief; however, after the
defense rested, the State called him as a rebuttal witness.

Jackson
testified that he saw appellant sitting in the driver=s seat of the car in which the drugs
were found.  He stated that another individual, who he identified as ALynn,@ was in the passenger=s seat of the car.  According to
Jackson, he approached appellant and ALynn,@ and warned them to Abe safe and . . . get out of the area@ because there were several police
officers making drug arrests around the area.  The prosecutor then asked
Jackson why he told Athem@ (i.e., appellant and ALynn@) about the police activity.  Jackson
responded, ABasically, because, I mean, I guess, you know, his priors or whatever his
history of drugs.@








Appellant=s trial counsel immediately objected
to this testimony, and the trial court sustained the objection and sua
sponte instructed the jury to disregard.  Appellant=s trial counsel then approached the
bench and requested a mistrial, which was denied by the trial court, but the
trial court again instructed the jury to disregard Jackson=s statement.[1] 
Jackson continued testifying and was cross-examined by appellant.  After both
sides rested and closed, the trial court excused the jury to conduct a charge
conference.  In the midst of the charge conference, appellant=s trial counsel re-urged his motion
for mistrial, arguing that the testimony was Ainflammatory and violative@ of appellant=s state and federal constitutional
rights, as well as violating the Texas Rules of Evidence. The trial court noted
that it would take the motion for mistrial Aunder advisement.@  Later, after a recess for lunch and
before bringing the jury in for closing argument and instructions, appellant=s trial counsel reiterated his motion
for mistrial.  The trial judge responded, AAll right.  I=ve ruled on it.  I=ve decided how I=m going to go.@  The case was submitted to the jury,
which found appellant guilty as charged.  The trial court assessed punishment
for both offenses,[2] and this
appeal timely followed.

II.  Issue and Analysis

In his
sole issue, appellant contends the trial court abused its discretion by failing
to grant a mistrial because the State=s rebuttal witness violated the court=s motion in limine.

We
review the trial court=s denial of a motion for mistrial under an
abuse-of-discretion standard.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex.
Crim. App. 2004) (en banc).  A mistrial is an extreme remedy for prejudicial
events that occur at trial and should therefore be exceedingly uncommon.  Austin
v. State, 222 S.W.3d 801, 815 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  A mistrial should only halt
trial proceedings when an error is so prejudicial that continuing the trial
would be wasteful and futile because an impartial verdict cannot be reached or
a conviction would have to be reversed on appeal due to obvious error.  See
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  In determining
this issue, we must examine the characteristics of this case, the entire
record, the nature of the evidence, and the surrounding circumstances to
determine the probability or possibility of harm.  See Guzmon v. State,
697 S.W.2d 404, 408 (Tex. Crim. App. 1985) (en banc).  








Generally,
a witness=s inadvertent reference to an extraneous offense may be cured by a prompt
instruction to disregard.  Rojas v. State, 986 S.W.2d 241, 250 (Tex.
Crim. App. 1998).  Such an instruction to disregard may be ineffective,
however, when the testimony is clearly calculated to Ainflame the minds of the jury@ or is of such Adamning character@ that it would be impossible to reverse
the harmful impression created by the testimony.  See id.

Under
the circumstances of this case, we conclude that the trial court=s instruction to disregard cured any
error in the admission of this evidence.  First, Jackson=s statement regarding appellant=s Apriors or whatever his history of
drugs@ can be described, at best, as a
brief and non-specific suggestion that appellant may have a criminal history or
past drug involvement.[3]  And although
appellant claims that the suggestion that he had a criminal history involving
drugs Acan be deemed highly emotional and
inflammatory,@ he has provided no authority indicating that such a brief reference to
appellant=s possible drug history could not be cured by the trial court=s prompt instruction to disregard. 
In fact, Jackson made this statement in response to a question from the State
regarding why he told appellant and ALynn@ about the nearby police activity. 
Based on this context, Jackson=s reference to Ahis@ prior drug history could have
referred to either appellant or ALynn.@  Additionally, Jackson himself was
an admitted drug user with a criminal background who was also arrested during
the same drug sweep in which appellant was apprehended,[4]
and the jury likely took these factors into account when determining the weight
to be given to his statements.








Finally,
Jackson=s improper statements occurred during
rebuttal.  Appellant complains the fact established by the rebuttal testimony
offered by Jackson (that appellant was the driver of the vehicle in which the
drugs were found) Ahad already been proven through [three] or more witnesses. .
. presented in the [State=s] case in chief.@  But the issue of whether Jackson
was a proper rebuttal witness is not before this Court.  To the extent that
appellant is implying a mistrial should be granted based on prosecutorial
misconduct, his trial attorney specifically stated the motion for mistrial was
not based on prosecutorial misconduct and was instead based Aon . . . admission of testimony in
front of th[e] jury that [appellant] has a drug history, priors.@  Thus, any such complaint has been
explicitly waived.[5]  

In sum,
the inadmissible evidence was not incurably harmful because it was brief,
vague, and given by a witness of dubious credibility.  This isolated statement
was neither Aclearly calculated to inflame the minds of the jury@ nor Aof such a character to suggest the
impossibility of withdrawing the impression produced on the minds of the jury.@  Rojas, 986 S.W.2d at 250. 
The trial court promptly instructed the jury to disregard Jackson=s statement, and the jury is presumed
to follow the trial court=s instruction.[6]  Thus, the
trial court did not abuse its discretion in refusing appellant=s request for a mistrial,[7]
and we overrule appellant=s issue.








IV.  Conclusion

Because the trial court did not abuse its discretion in
denying appellant=s request for a mistrial, we overrule appellant=s sole issue.  We affirm the judgment
of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed
November 29, 2007.

Panel consists of Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The following colloquy at the bench occurred:

[defense counsel]: Your Honor, that is a direct violation of the motion
in limine.  At this time I=m forced to ask
for a mistrial.

[trial court]: Okay.

[defense counsel]: They have now disclosed in front of this jury the
history of [appellant].

[trial court]: The mistrial is denied.  I=ll instruct the jury.





[2]  After finding true to two enhancements, the trial
court sentenced appellant to 15 years confinement for possession of marijuana
and 28 years confinement for possession with intent to deliver cocaine in the
Texas Department of Criminal Justice, Institutional Division, both sentences to
run concurrently.





[3]  See, e.g., Kemp v. State, 846
S.W.2d 289, 308 (Tex. Crim. App. 1992) (en banc) (holding that an Auninvited and unembellished reference to appellant=s prior incarceration@ was not Aso inflammatory as to undermine the efficacy of the
trial court=s instruction to disregard@); Rogers v. State, 200 S.W.3d 233, 238 (Tex.
App.CHouston [14th Dist.] 2006, pet. ref=d) (determining that a prompt instruction to disregard
was sufficient to overcome a Abrief and
equivocal mention@ of appellant=s
drug use by a witness for the State). 





[4]  Jackson stated that he remembered the date of
appellant=s arrest because, he Awas smoking weed at a car wash@
and was also arrested on that day for evading arrest.  He also admitted he=d previously been in jail for A[t]wo thefts, possession of marijuana, and evading
arrest.@





[5]  See, e.g., Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (en banc) (noting that it is well
settled that the legal basis of a complaint raised on appeal cannot vary from
that raised at trial).





[6]  Thrift v. State, 176 S.W.3d 221, 224 (Tex.
Crim. App. 2005) (AOn appeal, we generally presume the jury follows the
trial court=s instructions.@).





[7]  In arguing that he was harmed by the trial court=s denial of his requested mistrial, appellant contends
that several members of the venire panel in this case expressed doubts about
their ability to be fair if a particular defendant had been involved with drugs
in some way.  First, none of these panel members indicated that a defendant=s history of drug involvement would cause them
to be unfair; instead, the panel members expressed various personal reasons
causing them to doubt whether they could be fair in any drug case.  More
importantly, however, appellant has not established that any of these venire
persons were impaneled on the jury.