Opinion issued June 18, 2009









Opinion issued June 18,
2009

 

 

 

 



 

 

 

 

 

 

 








 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-07-01056-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RODERICK GLENN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1142006

 

 

MEMORANDUM
OPINION








           A jury found Roderick
Glenn guilty of burglary of a habitation, and, after finding true the
allegations in the first enhancement paragraph—that Glenn had previously been
convicted of felony possession with intent to deliver more than four grams but
less than 200 grams of cocaine—assessed punishment at seven years’
imprisonment.   The trial court entered judgment on the jury’s findings.  Glenn
brings a single issue on appeal, contending that the jury’s punishment phase
finding that the first enhancement paragraph of the prior conviction to be true
is not supported by legally sufficient evidence.  The State responds that
sufficient evidence supports the jury’s finding, but asks this Court to correct
the judgment to properly recite Glenn’s plea and the jury’s findings with
respect to the enhancement paragraphs.  We modify the judgment, and affirm it
as modified. 

Background

A Harris County grand jury handed down an indictment charging Glenn with a June 7, 2007 burglary of a
habitation.  After the jury found Glenn guilty as charged, the trial court
commenced the punishment phase by arraigning Glenn on two enhancement
paragraphs describing his prior felony convictions.  The first enhancement
paragraph reads:

Before
the commission of the offense alleged above, (hereafter styled the primary
offense), on JULY 16, 2002, in Cause No. 901973, in the 174th DISTRICT COURT OF
HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION
WITH INTENT TO DELIVER COCAINE › 4 GRAMS & ‹ 200 GRAMS.

The second paragraph similarly
alleged a prior felony possession of cocaine charge.  Glenn pleaded “not true”
to both paragraphs, and the jury heard the punishment phase evidence.  The jury
found the first enhancement paragraph to be “true” and the second to be “not
true.”   

          The State published the
judgment in Cause No. 901973 to the jury through Deputy M. Mills, the custodian
of records for the Harris County Sheriff’s Office.  The State told the jury the
dates of the offense and judgment, described the crime, and informed them that
“[t]he defendant was sentenced to four years TDC per plea bargain in this case.” 
The copy of the judgment entered into evidence recites that Glenn entered a
plea of nolo contendere to the charge  of “[p]ossession with intent to deliver
cocaine › 4 grams & ‹ 200 grams,” and has checks in the boxes denoting it
as a second-degree felony.  

          At the close of the
punishment phase, the trial court instructed the jury that:

Enhancement
Paragraph One of the indictment alleges that before the commission of the
offense for which you have found the defendant guilty, on July 16, 2002, in
Cause No. 901973, in the 174th District Court of Harris County, Texas, the
defendant was convicted of the felony offense of possession with the intent to
deliver cocaine more than 4 grams and less than 200 grams.  

If
you believe from the evidence beyond a reasonable doubt that the allegations
set out in Enhancement Paragraph one of the indictment are true, you will state
in your verdict that you find “true” the allegations set out in Enhancement
Paragraph One of the indictment; but unless you so believe, or if you have
reasonable doubt thereof, you will answer “not true” to the allegations of
Enhancement Paragraph One of the indictment.

Discussion

Glenn’s issue on appeal

Glenn contends that the
evidence is not legally sufficient to support the jury’s finding of true to
enhancement paragraph one of the indictment because, at the time of his prior
conviction, possession with intent to deliver cocaine of more than four grams
and less than 200 grams was a first-degree felony, whereas the copy of the
judgment before the jury shows that he was convicted of a second-degree felony. 
As a result of the plea bargain, Glenn contends, a discrepancy exists between
the first-degree felony status of the statutory charge and the second-degree
felony designation on the prior judgment.[1] 
This discrepancy, Glenn contends, renders the evidence legally insufficient to
prove that he was previously convicted of possession with intent to deliver
cocaine of more than four grams and less than 200 grams, or to link the felony
conviction as alleged in the first enhancement paragraph to Glenn. 
Consequently, Glenn complains, his punishment was improperly enhanced based on
the jury’s “true” finding.

The State responds that
Glenn’s complaint is, at bottom, that a variance exists between the allegations
in enhancement paragraph one of the indictment and the proof at trial.  We
agree that Glenn essentially contends that his sentence should be reversed
because of a discrepancy between the evidence of his prior conviction and the
indictment that served as the basis for the jury instruction.  

In reviewing a claim of
legal insufficiency based on a variance between the indictment and the
evidence, we first consider the materiality of the variance.  Fuller v.
State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002); see Gollihar v. State,
46 S.W.3d 243, 255–57 (Tex. Crim. App. 2001) (materiality inquiry—requiring
determination of whether variance deprived defendant of notice of charges or
whether variance subjects defendant to risk of later being prosecuted for same
offense—should be made in all cases that challenge sufficiency of evidence
based on variance between indictment and proof); Rogers v. State, 200
S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  “A variance
is material if it (1) deprived the defendant of sufficient notice of the
charges against him such that he could not prepare an adequate defense, or (2)
would subject him to the risk of being prosecuted twice for the same offense.” 
 Rogers, 200 S.W.3d at 236 (citing Fuller, 73 S.W.3d at 253, and
Gollihar, 46 S.W.3d at 257). The defendant bears the burden of
demonstrating the materiality of a variance. Id. at 237 (citing Santana
v. State, 59 S.W.3d 187, 194–95 (Tex. Crim. App. 2001)).  At the same time,
we take into account the more lenient standard for alleging enhancement
convictions, namely, that the State need not allege enhancement convictions
with the same particularity required for charging the primary offense.  See Freda
v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); Chavis v. State,
177 S.W.3d 308, 312 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).

Glenn has not borne his
burden to show materiality.  He points to the fact that the elements of the
prior conviction, as set forth in the indictment, comprise a first-degree
felony, while the State’s proof identifies Glenn’s conviction as being for a
second-degree felony.  Whether the prior conviction was for a first-degree or
second-degree felony, however, does not affect the application of the
enhancement paragraph in this case.

During the
guilt-innocence phase in this case, the jury found Glenn guilty of burglary of
a habitation, a second-degree felony.  Save certain exceptions not pertinent
here, the habitual felony offender sentencing statute provides that “if it is
shown on the trial of a second-degree felony that the defendant has been once
before convicted of a felony, on conviction he shall be punished for a
first-degree felony.”  Tex. Penal Code
Ann. § 12.42(b) (Vernon 2003 & Supp. 2008).  The statute makes clear
that, except for state jail felony convictions, all prior felony
convictions, whether for first-, second-, or third-degree offenses, may be used
for enhancement purposes.  See id. § 12.42(b), (e).    

Neither the indictment
nor the jury instruction incorrectly identified Glenn’s prior conviction as a
first-degree felony, but rather merely referred to a prior “felony” conviction
without degree.  The only evidence before the jury was the prior judgment,
which reflects the plea bargain and the reduction in charge to a second-degree
felony.  Nothing in this record demonstrates that any discrepancy deprived
Glenn of notice of the enhancement allegation or that it subjected him to the
risk of being prosecuted twice for the same offense.  See Rogers, 200
S.W.3d at 237.

Request to modify the judgment

          The trial court judgment in
this case indicates that Glenn pleaded true to the enhancement paragraphs and
that the jury found both to be “not true.”  The judgment thus incorrectly
reflects Glenn’s plea as to the enhancement paragraphs and the jury’s finding
as to the first enhancement paragraph.  The State asks us to correct the
judgment so that it accurately reflects that (1) Glenn entered a “not true”
plea to enhancement paragraph one; (2) the jury found the allegations in
enhancement paragraph one to be true; and (3) Glenn entered a “not true” plea
to enhancement paragraph two.   We have the authority to modify the trial
court’s judgment and affirm it as modified.   Tex.
R. App. P. 43.2(b); Bigley v. State,
865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  We have reviewed the record and
agree that the requested changes will accurately reflect the proceedings as
recorded.  

Conclusion

          We conclude that Glenn
failed to demonstrate that a material variance existed between the indictment
and the evidence relating to proof of his prior conviction and, accordingly,
affirm the sentence imposed on Glenn, as enhanced by the jury’s finding of his
prior conviction.  We also modify the trial court’s judgment to reflect that
(1) Glenn’s plea to the first enhancement paragraph is NOT TRUE; (2) Glenn’s
plea to the second enhancement paragraph is NOT TRUE; and (3) the jury’s
finding on the first enhancement paragraph is TRUE.  




As modified, the judgment
is affirmed.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Keyes,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.2(b).

 

 









[1]
Glenn explains that, in exchange for his plea,
the State reduced the charge from a first-degree felony to a second-degree
felony, which had the effect of lowering the maximum sentence the trial court
could impose.  Compare Tex. Penal
Code Ann. § 12.32 (Vernon 2003) (requiring, for first-degree felony,
term of imprisonment “for life or for any term of not more than 99 years or
less than 5 years”) with id. § 12.33 (requiring, for second-degree
felony, term of imprisonment “of not more than 20 years or less than 2 years”).