Affirmed and Memorandum Opinion filed October 19, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00741-CR

___________________

 

Clifton Jerom Davis, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 174th District Court

Harris County,
Texas



Trial Court Cause No. 1175642

 



 

 

MEMORANDUM OPINION

A jury convicted appellant, Clifton Jerom
Davis, of aggravated robbery with a deadly weapon, namely a firearm.  After
finding an enhancement paragraph was “true,” the jury assessed punishment at
fifteen years’ confinement.  In his sole issue, appellant contends the evidence
was legally insufficient to support the finding of “true” to the enhancement
paragraph.  Because all dispositive issues are settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

When reviewing legal sufficiency relative to a
punishment-enhancement issue, we view the evidence in the light most favorable
to the finding and determine whether any rational trier of fact could have made
the finding beyond a reasonable doubt.  Jaynes v.
State, 216
S.W.3d 839, 845 (Tex. App.—Corpus Christi 2006, no pet.); Martinez
v. State, 980
S.W.2d 662, 664 (Tex. App.—San
Antonio 1998, pet. ref’d); see Jackson v.
Virginia, 443
U.S. 307, 319 (1979).  To establish a defendant was convicted of a
prior offense, the State must prove beyond a reasonable doubt (1) a prior
conviction exists, and (2) the defendant is linked to that conviction.  Flowers
v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

In the present case, the enhancement paragraph of the
indictment and the enhancement portion of the jury charge alleged a June 9,
2005 juvenile conviction and commitment to the Texas Youth Commission for the
felony offense of burglary of a habitation.  See Tex. Fam. Code Ann. §
51.13(d) (West 2008) (providing, adjudication that child engaged in conduct
occurring on or after January 1, 1996 which constitutes felony offense
resulting in commitment to Texas Youth Commission is final felony conviction
for purpose of punishment enhancement for subsequent first-degree felony). 

To prove this prior conviction,
the State presented two documents: (1) a judgment showing “Clifton Jerome
Davis” was “adjudicated” on October 27, 2004 in the 313th District Court of
Harris County, Texas under cause number 2004-07509J for burglary of an habitat
with intent to commit theft, a second-degree felony, and placed on probation;
and (2) a “Judgment and Order of Commitment” reflecting “Clifton Jerome Davis”
was “adjudicated” on June 9, 2005 in the same court and under the same cause
number for “VOP RULE 4 VIOLATION OF THE LAW” and committed to the Texas Youth
Commission.  

As appellant notes, at trial of the present case, a
deputy testified she was unable to match appellant’s fingerprint taken that
morning to the fingerprints on the above-cited documents because of the poor
quality of the latter.  However, the State also presented Jose Salinas, a
Harris County juvenile probation officer, who testified as follows: he
supervised “Clifton Jerome Davis” for several months when he was on probation
for burglary of a habitation with intent to commit theft under cause number
2004-07509J; Davis did not successfully complete probation; Salinas’s
supervision ended on June 9, 2005 when Davis was committed to the Texas Youth
Commission; “adjudication” in the juvenile system means “convicted”; a person
may be adjudicated if he does not complete probation; and more specifically, Davis
was “convicted” on June 9, 2005.  Further, at trial, Salinas positively
identified appellant as the “Clifton Jerome Davis” whom he supervised.[1] 

Appellant contends the evidence was legally
insufficient to support the jury’s finding because the “Judgment and Order of
Commitment” dated June 9, 2005 merely reflects an “adjudication” for “VOP RULE
4 VIOLATION OF THE LAW,” a “Technical Violation,” as opposed to a felony,
particularly burglary of a habitation.  However, the factfinder considers the
totality of evidence to determine whether the State proved a prior conviction
beyond a reasonable doubt.  Flowers, 220
S.W.3d at 923.  Moreover, no specific document or mode of proof is required to establish
a defendant was convicted of a prior offense.  Id. at 921.  “Just as there
is more than one way to skin a cat, there is more than one way to prove a prior
conviction.”  Id. at 922.  Considering both above-cited documents together
with Deputy Salinas’s testimony, a rational jury could have found beyond a
reasonable doubt that appellant was convicted on June 9, 2005 for burglary of a
habitation when his probation, originally imposed for the offense, was revoked.

Appellant also relies on a variance between the cause
number of the prior conviction alleged in the enhancement paragraph of the indictment—“2004077509J”—and
the cause number on the above-cited documents—“2004-07509J.”  When reviewing a
sufficiency challenge based on a variance between the indictment and the
evidence, we consider the materiality of the variance.  Fuller v.
State, 73 S.W.3d
250, 253 (Tex. Crim. App. 2002) (en banc); Rogers v.
State, 200
S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  A
variance is fatal and renders the evidence insufficient only when it is
material.  Fuller, 73 S.W.3d at 253; Gollihar
v. State, 46
S.W.3d 243, 257 (Tex. Crim. App. 2001); Rogers, 200 S.W.3d at 236.  A
variance is material if it (1) deprived the defendant of sufficient notice of
the charges against him such that he could not prepare an adequate defense, or
(2) would subject him to the risk of prosecution twice for the same offense.  Rogers, 200 S.W.3d at 236
(citing Fuller, 73 S.W.3d at 253; Gollihar, 46 S.W.3d at 257).[2]
 The defendant bears the burden to demonstrate materiality of a variance.  Id.
at 237 (citing Santana v.
State, 59 S.W.3d
187, 194–95 (Tex. Crim. App. 2001)).

The State need not allege enhancement convictions
with the same particularity required for charging the primary offense.  Freda
v. State, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); Cole v. State,
611 S.W.2d 79, 80 (Tex. Crim. App. 1981).  The purpose of an enhancement
paragraph is to provide the accused with notice of the prior conviction on
which the State relies.  Cole, 611 S.W.2d at 82.  Appellant does not
assert that he was deprived of such notice due to the variance.  Indeed, the
enhancement paragraph was correct relative to the nature of the prior offense
and the court and date of conviction.  Therefore, the variance was not material
because appellant was afforded the ability to find the record of prior
conviction and present a defense.  See id. (holding that
transpositional error in cause number of prior conviction alleged in
enhancement paragraph did not create fatal variance between indictment and
proof at trial because paragraph described prior conviction as felony, exact
nature of offense as theft, and date and court of conviction).  Accordingly,
the variance did not render the evidence legally insufficient to support the
jury’s finding of “true” to the enhancement paragraph.

We overrule appellant’s sole issue and affirm the
trial court’s judgment.

 

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellant’s middle name
on the briefs and most of the record, including the indictment and judgment, in
the present case is “Jerom,” whereas records of the prior conviction show a
middle name of “Jerome.”  However, this variance is immaterial to our analysis
because appellant does not rely on it in his sufficiency challenge, and Salinas
identified appellant as the defendant relative to the prior conviction.  





[2] This second situation is
inapplicable in this case because appellant challenges legal sufficiency
relative to an enhancement offense as opposed to sufficiency with respect to
the charged offense.