

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00532-CR

Justin Henry **SOWERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7490
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: June 12, 2024

AFFIRMED

Appellant Justin Henry Sowers appeals his aggravated robbery conviction, arguing the trial court abused its discretion by denying his mistrial requests. We affirm the trial court's judgment of conviction.

## BACKGROUND

Sowers was charged with aggravated robbery with a deadly weapon, and his case was tried before a jury. Before trial, defense counsel informed the trial court the State had agreed to not

reference two other aggravated robbery offenses for which Sowers had been suspected. Counsel then made an oral motion in limine requesting the State approach the bench "before entering any of this evidence." The trial court granted the motion, and the trial began.

During its case-in-chief, the State called several witnesses, including Detective Orlando Torres. Detective Torres testified he was the lead detective assigned to investigate the robbery of a Don's & Ben's liquor store. The prosecutor asked Detective Torres how he had become involved in the case, and Detective Torres testified, "I had already—during—because of previous robberies, I had already suspected—I have a person of interest. I was on another call with another detective we were looking for." Defense counsel objected, and outside the presence of the jury, he moved for a mistrial. According to defense counsel, Detective Torres's answer referenced Sowers's previous robberies. The trial court denied the mistrial request and instructed the prosecutor to admonish the detective.

The trial continued, and in cross-examining Detective Torres, defense counsel asked the detective whether the robbery of the liquor store was one of his first cases. Detective Torres answered, "One of my first serial cases, yes." Defense counsel then stated, "I'm sorry?" and Detective Torres repeated, "My first serial case." Defense counsel moved for another mistrial, arguing the detective's use of the expression "serial case" prejudiced Sowers. Defense counsel further argued a curative instruction would not correct the prejudice caused by the expression. The trial court then denied the mistrial request and asked defense counsel whether he wanted a curative instruction. Defense counsel declined the instruction, arguing it would cause "double the damage."

The jury ultimately found Sowers guilty of aggravated robbery with a deadly weapon and sentenced him to thirty-five years' imprisonment. Sowers now appeals, arguing the trial court abused its discretion by denying his requests for a mistrial.

## STANDARD OF REVIEW

We review a court's denial of a mistrial motion for an abuse of discretion. *Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024); *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Under this standard, "we do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *Becerra*, 685 S.W.3d at 127. "A trial judge abuses his discretion when no reasonable view of the record could support his ruling." *Id*. We therefore reverse only when the trial court's ruling "is arbitrary or unsupported by any reasonable view of evidence." *Id*.

## APPLICABLE LAW

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id*. Otherwise, prompt "[i]nstructions to the jury are generally considered sufficient to cure improprieties that occur during trial[,]" including improprieties concerning extraneous offenses. *Gamboa*, 296 S.W.3d at 580–81; *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000); *Lusk v. State*, 82 S.W.3d 57, 60–61 (Tex. App.—Amarillo 2002, pet. ref'd) (providing curative instruction can "cure error when evidence of an extraneous offense is placed before the jury in violation of a motion *in limine*"). Absent evidence to the contrary, courts "generally presume that a jury will follow the judge's instructions." *Gamboa*, 296 S.W.3d at 580. And though requesting a lesser remedy is not a prerequisite to a mistrial motion, "when the movant does not first request a lesser remedy, we will not reverse the [trial] court's judgment if the problem could have been cured by the less drastic alternative." *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim.

App. 2009); *see Lee v. State*, 549 S.W.3d 138, 145 (Tex. Crim. App. 2018) ("We agree that if a curative instruction would have sufficed, it cannot be said that the trial court abused its discretion to deny Appellant's final mistrial request."). Finally, "[a]n appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review of that class of events that could have been cured by the lesser remedy." *Ocon*, 284 S.W.3d at 887.

## APPLICATION

Here, the record shows defense counsel first moved for a mistrial after Detective Torres made an unclear and vague statement about how he became involved in the underlying case. Detective Torres referenced "previous robberies" he was investigating, but never connected that statement to Sowers. Despite the vagueness, defense counsel then moved for a mistrial without requesting a lesser remedy, and although a lesser remedy is not a prerequisite, we will not reverse the trial court's judgment if the problem could have been cured by a less drastic alternative. *See Ocon*, 284 S.W.3d at 885. In this case, Detective Torres's statement was brief and vague, and a curative instruction would have been sufficient to cure any potential harm caused by the statement. *See Gamboa*, 296 S.W.3d at 581 (pointing out trial court's instruction to disregard witness's statement about defendant's extraneous offense cured any harm caused by statement). Accordingly, by failing to request a curative instruction when such an instruction would have been sufficient to cure any alleged harm caused by the officer's statement, Sowers forfeited his right to appellate review of his complaint concerning the trial court's denial of his first mistrial request. *See Ocon*, 284 S.W.3d at 887.

Turning to defense counsel's second request for a mistrial, defense counsel argued Detective Torres's use of the expression "serial case" prejudiced Sowers. The trial court also denied this mistrial request, but it tried to cure any potential harm by offering a curative instruction.

However, defense counsel declined the trial court's attempt to remedy any harm, arguing an instruction would draw more attention to the expression. Defense counsel's decision to decline a curative instruction ignores our precedent that "[i]nstructions to the jury are generally considered sufficient to cure improprieties that occur during trial," and there is nothing in the record suggesting the jury would not have followed the trial court's instruction. *Gamboa*, 296 S.W.3d at 580 ("Nothing in the record suggests that the outburst was of such a nature that the jury could not ignore it and fairly examine the evidence in arriving at a verdict."). Moreover, it is well established that "an instruction to disregard testimony referring to extraneous offenses will render the testimony harmless." *Rogers v. State*, 200 S.W.3d 233, 238 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (citing *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). Thus, by declining an instruction that would have cured any potential harm, defense counsel forfeited his right to appellate review in the trial court's denial of his motion for a mistrial. *See Ocon*, 284 S.W.3d at 887. We therefore overrule Sowers's sole point of error.

## CONCLUSION

Based on the foregoing, we overrule Sowers's sole point of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish